## TABOR v. INDIANAPOLIS JOURNAL NEWSPAPER CO.

(Circuit Court, D. Indiana. March 14, 1895.)

### No. 9,184.

1. PLEADING—SURPLUSAGE—COMPLAINT FOR LIBEL.
   Allegations in a complaint for libel that plaintiff addressed several letters (setting them out in full) to defendant, asking a retraction of the alleged libelous statements, and that no answers thereto were received, constitute a violation of the rule requiring a statement of facts constituting the cause of action, and not the evidence to sustain it; and all matter relating to such letters must be stricken out on motion.
2. PRACTICE—FILING INTERROGATORIES IN ACTIONS AT LAW.
   The rule of practice in the federal courts does not permit the plaintiff in an action at law to file, with his complaint, interrogatories to be answered by defendant. Ex parte Fisk, 5 Sup. Ct. 724, 113 U. S. 713, followed.

This was an action for libel brought by Julia Marlowe Tabor against the Indianapolis Journal Newspaper Company. Defendant moves to strike out certain matter from the complaint.

Lucius B. Swift, for plaintiff.
Hawkins & Smith, for defendant.

BAKER, District Judge. The plaintiff, in her complaint, alleges that the defendant did maliciously, with intent to injure her good name and reputation, and to defame and injure her in respect of her profession as an actress, print and publish in the regular Sunday issue of the Indianapolis Journal, of and concerning the plaintiff, a certain false and malicious libel, which is set out in the complaint. The complaint then further alleges that on the 16th day of January, 1895, the plaintiff caused to be addressed to the defendant's editor a letter, which is set out, asking for a retraction of the

alleged libelous matter. It further alleges that, no answer having been received to that communication, on the 21st of January, 1895, the plaintiff caused another letter to be addressed to the defendant, asking for a retraction of the alleged libel; and it alleges that no answer was received to that letter. The complaint further alleges that on the 5th day of February, 1895, the plaintiff addressed to the defendant another letter, in like manner asking for a retraction of the alleged libelous matter; and that no response to either of said letters has been made, and the alleged libelous matter has never in any manner been retracted by said defendant. The complaint alleges that plaintiff has been damaged by said libelous publication, in her person and in her profession, in the sum of $25,000, for which she demands judgment. The complaint is also accompanied by five interrogatories, and the court is asked to require that the same be answered by the defendant under oath, positively and without evasion, within such time as may be limited by the court therefor. These interrogatories, if proper to be filed and answered, call for facts which would be pertinent to the matters alleged in the complaint.

The defendant has moved the court to strike out all that part of the complaint relating to and containing the several letters above mentioned. This motion must be sustained. While it is true that a refusal to retract a libel may be given in evidence on the trial of the cause in support of the charge that the alleged libelous publication was maliciously made, it is improper to set out such evidence at large in the complaint. All that part of the complaint which contains the letters relates to matter constituting no part of the cause of action, and which occurred after the alleged cause of action accrued, and can only be competent as evidence to reflect light on the prior intention of the publisher of the libel at the time the publication was made. It is fundamental in the law of pleading that the facts constituting the cause of action, and not the evidence to support it, shall be set out in the complaint. The plaintiff is given an exception to this ruling, and has leave within 20 days to file her bill of exceptions.

Although no motion has been made by the defendant to strike out the interrogatories filed with the complaint, the court feels constrained sua sponte to strike them out. It is settled by the rule of practice in this court that the plaintiff will not be permitted to file interrogatories to be answered by the defendant, with his complaint, in a common-law action. This principle is established by the decision of the supreme court of the United States in Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, and later cases in the federal courts follow the doctrine of this case.

An order, therefore, will be entered, striking from the files all the interrogatories annexed to the complaint in this cause, to which ruling the plaintiff excepts, and has 20 days in which to file her bill of exceptions.