## DIAMOND COAL & COKE CO. v. ALLEN.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1905.)

No. 2,069.

1. FEDERAL COURTS—RULES OF EVIDENCE—TESTIMONY OF WITNESS ON FORMER TRIAL.

Rev. St. §§ 863–867 [U. S. Comp. St. 1901, pp. 661–664], prescribe the modes of taking proof in actions at law in the courts of the United States to the exclusion of all others, and under such provisions the testimony of a witness given on a former trial of the same case cannot be read in evidence.

2. MASTER AND SERVANT—INJURY TO SERVANT—EVIDENCE OF MASTER'S NEGLIGENCE.

In an action to recover for the injury of plaintiff while working in a mine by the breaking of a draft chain which allowed a loaded car to run back down a grade upon him, evidence that there was a flaw on the inside of the broken link of the chain, which extended to one side, but would not be discoverable by inspection before the chain was broken, is not alone sufficient to charge the mining company with negligence, so as to warrant the submission of the case to the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1003.]

In Error to the Circuit Court of the United States for the District of Utah.

On December 24, 1900, the plaintiff (defendant in error) was in the employ of the defendant as a miner in defendant's coal mine at Diamondville, Wyo., and in what is called the back entry of level "No. 3rd North." He was following a car load of coal, which was being hauled by a horse, to block the wheels of the car whenever the horse should stop; as the car, moving upon iron tracks, was ascending a considerable grade, to the main entry of the mine. At about 12 feet from the main entry this grade was steeper than at other places. The gauge of the track was 3 feet, and the box of the car flared to a width of 4 four feet at its top. The sloping passage, up the grade of which the car was being drawn, was of varying narrow width, and at its narrowest place was 7½ feet wide. The car was hauled up the slope with a heavy load of coal, to a point about 12 feet from the main entry (beyond which the track would have been about level), and had reached the steepest part of the grade, when the horse stopped, and the plaintiff blocked the wheels of the car to prevent it from running backward down the slope. When the horse started forward again and moved the car, the plaintiff stooped and removed the blocking which had held the car wheels; but almost immediately, when the car had moved but a few feet, and while plaintiff was still at the place where he had removed the blocking, the chain which attached the whiffletree to the car broke, by the parting of one of its links, and the heavily loaded car started back and ran down the slope at great speed, striking, throwing down, and severely injuring the plaintiff.

Edward S. Ferry (Joseph T. Richards, on the brief), for plaintiff in error.

W. L. Maginnis (Charles Stout, on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and LOCHREN, District Judge.

137 F.—45

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

1. There had been a former trial of this action in the same court, in which one William F. Woolsey had testified as a witness for plaintiff. Upon this trial, on proof that this witness was about 200 miles distant from the place of trial, but without proof of any effort to procure his attendance, or that it was not practicable to have obtained his testimony by deposition de bene esse, or otherwise, as provided in Rev. St. U. S. §§ 863–867 [U. S. Comp. St. 1901, pp. 661–664], the plaintiff offered the testimony of this witness given on such former trial to be read from the stenographer's notes. Defendant objected to the same as incompetent. The court overruled the objection and admitted the evidence, and the defendant duly excepted. This ruling was erroneous.

The Supreme Court has held repeatedly that the provisions of the Revised Statutes as to the mode of proof in actions at law form a complete system, and that every case must fall under the general rule or the exceptions there specified, and that no state legislation can add to or take from the methods of procuring evidence so provided. Ex parte Fisk, 113 U. S. 713, 723, 5 Sup. Ct. 724, 28 L. Ed. 1117; Union Pac. Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734; Hanks Dental Ass'n v. Tooth Crown Co., 194 U. S. 303, 307, 24 Sup. Ct. 700, 48 L. Ed. 989.

The general provision of the Revised Statutes is as follows:

"Sec. 861. The mode of proof in the trial of actions at common law, shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided." [U. S. Comp. St. 1901, p. 661.]

The exceptions in respect to circumstances under which testimony may be taken by deposition, etc., are stated in the sections which follow the one above quoted. Speaking of these exceptions, Mr. Justice Miller says (113 U. S. 724, 5 Sup. Ct. 729, 28 L. Ed. 1127):

"These are the exceptions which the statute provides to its positive rule that the mode of trial in actions at law shall be by oral testimony and examination of witnesses in open court. They are the only exceptions thereinafter provided. Does the rule admit of others? Can its language be so construed?

"On the contrary, its purpose is clear to provide a mode of proof in trials at law to the exclusion of all other modes of proof; and because the rigidity of the rule may, in some cases, work a hardship, it makes exceptions of such cases as it recognizes to be entitled to another rule, and it provides that rule for those cases.

"Under one or the other all cases must come. Every action at law in a court of the United States must be governed by the rule or by the exceptions which the statute provides. There is no place for exceptions made by state statutes. The court is not at liberty to adopt them or to require a party to conform to them."

None of the exceptions allows as evidence the testimony of a witness given at a former trial of the case; and Mr. Justice Miller, at page 723, 113 U. S., page 728, 5 Sup. Ct. (28 L. Ed. 1117), of the case quoted from, speaking of oral testimony and examination of a

witness in open court, within the meaning of the act of Congress, says:

"This obviously means the production of the witness before the court at the time of the trial, and his oral examination then; and it does not mean proof by reading depositions, though those depositions may have been taken before a judge of the court, or even in open court, at some other time than during the trial."

This court in C., St. P., M. & O. Ry. Co. v. Myers, 80 Fed. 361, 365, 25 C. C. A. 486, held that a stenographic report of the testimony given on a former trial by a nonresident witness, absent in Ohio, was rightly excluded because incomplete. It appearing that such evidence was admissible in the courts of Minnesota (where the trial was had) and in other jurisdictions the court said: "We can see no substantial objection to the admission of such testimony when on the first trial the witness was fully examined and cross-examined," etc. This observation was aside from any point decided in the case; and it does not appear that the United States statutes or any of the decisions of the Supreme Court on the subject were in any way called to the attention of the court. Later, in Salt Lake City v. Smith, 104 Fed. 457, 469, 43 C. C. A. 637, this court held that the sections of the Revised Statutes referred to provide a complete system for the practice of the courts of the United States in the procurement and admission of the testimony of witnesses, and that it was error to admit evidence of the testimony of witnesses given at a former trial of the case.

2. The court committed a like error in receiving, over the objection and exception of defendant, evidence of the testimony of plaintiff's witness William Johnson, given on the same former trial of the case.

3. This action was brought to recover damages for injuries sustained by the plaintiff, which he alleged were caused by negligence attributable to the defendant. Negligence is never presumed, and plaintiff could be entitled to recover only upon producing evidence of some negligence chargeable to defendant which was a proximate cause of his injuries. He produced no such evidence, and defendant's request for a peremptory instruction to the jury to return its verdict in defendant's favor should have been granted. At the trial the plaintiff made no effort to maintain by proof any of the allegations of the complaint charging the defendant with negligence, except only the allegations which charge, in substance, that the chain which broke was defective, and that the defects were or should have been known by the defendant, and were discoverable by ordinary and reasonable care in the inspection of the chain, which inspection the defendant failed to make. And this was the only matter submitted to the jury as affecting plaintiff's right of recovery, as appears from the following excerpt from the court's charge:

"His complaint is that this defect in the chain should have been discovered by the defendant company. It is not simply that the chain broke, but that there existed a defect in the chain in the shape of a flaw in the weld, which the defendant could, and by the exercise of ordinary care would, have found out before that time. Now, if there was not such a defect as it could rea-

sonably have found out before that time, there is no cause of action against the defendant at all. In order to find a verdict against the defendant, you would have to find that this flaw, this defect in the weld, was such a defect that by a reasonable inspection, such as an ordinary prudent man would make, if he was conducting that business, would have been discovered before that time. * * * In order to find any verdict against the defendant, you must find this defect in the chain, this imperfection in the welding of the chain, was such an imperfection that in conducting its business with ordinary care they should have discovered that defect before this accident."

It is common knowledge that a draft chain is a simple implement, which can hardly get out of repair except by being broken, and ordinarily requires and receives no special inspection. And all the evidence in the case shows that no inspection of draft chains is had in any mines, except as they are observed by persons using them. The defendant used the same care employed by other prudent miners.

But the plaintiff could not charge the defendant with negligence in not discovering the defect without showing that the defect was such that it would have been disclosed upon a reasonably careful inspection. The only testimony as to the defect was that of the plaintiff's witness, William Armstrong, the boss to whom the driver, Hood, handed the broken link just after the accident. Armstrong testified that the flaw was shown by a black speck or spot inside of the metal after it had parted, and that, although this flaw came from the center to one side of the metal, yet in his opinion there was nothing in the appearance of the surface by which the flaw could have been discovered by inspection. There was therefore no evidence to sustain the charge of negligence in respect to the chain.

The judgment is reversed and a new trial ordered.