## NOME BEACH LIGHTERAGE & TRANSP. CO. v. STANDARD MARINE INS. CO., LIMITED, OF LIVERPOOL, ENGLAND.

### (Circuit Court, N. D. California. October 4, 1907.)

### No. 13,097.

1. EVIDENCE—ADMISSIBILITY—TESTIMONY OF DECEASED WITNESS ON FORMER TRIAL.

It is competent for a party, on the second trial of an action in a federal court, under the general rule, to prove the testimony given on the former trial by a witness who has since died, there being no federal statute on the subject.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2401–2405.

Rules of evidence in federal courts, following state practice, see note to O'Connell v. Reed, 5 C. C. A. 594.]

**2. New Trial—Grounds—Error in Excluding Evidence.**

An error in refusing to permit a party to prove the testimony given on a former trial by a witness since deceased is not ground for a new trial, where such testimony did not differ in any material respect from that given by the same witness in a deposition which was read.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 69.]

At Law.    On motion for new trial.

Nathan H. Frank, for plaintiff.
William Rix, for defendant.

DE HAVEN, District Judge. There was technical error in sustaining the plaintiff's objection to defendant's offer to prove what Capt. John L. Panno testified to upon the former trial of this action; Capt. Panno having died since the giving of that testimony. Ruch v. Rock Island, 97 U. S. 693, 24 L. Ed. 1101; Mattox v. United States, 156 U. S. 237, 15 Sup. Ct. 337, 39 L. Ed. 409; United States v. Macomb, 5 McLean, 286, Fed. Cas. No. 15,702; Greenleaf on Evidence, § 163. Section 861 of the Revised Statutes [U. S. Comp. St. 1901, p. 661], which provides: "The mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided"—and the succeeding sections, providing for the taking of depositions, do not bear upon the question of the right to prove the testimony of a deceased witness; nor do Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117, Diamond Coal & Coke Co. v. Allen, 137 Fed. 705, 71 C. C. A. 107, Mulcahey v. Lake Erie & W. R. Co. (C. C.) 69 Fed. 172, which are relied upon by the plaintiff, apply. The question of the admissibility of evidence to prove the testimony given by a deceased witness was not presented in any of those cases.

I am, however, satisfied that the error in sustaining the objection of this offered evidence was harmless, as the deposition of Capt. Panno taken at the instance of the defendant was received in evidence, and there was no substantial difference between it and the oral testimony given by him upon the former trial. It may be that the oral testimony was a little more full as to the maneuvers of the vessel after she had entered the ice field; but it sufficiently appears from the deposition that, when the ice was first encountered, the vessel could have returned to Dutch Harbor, or some other port, but, instead of returning, the captain continued on his voyage to Nome, in the face of the perils before him, navigating the vessel in "open leads," or channels skirted by ice, until at last she struck upon a piece of submerged ice and partially sunk. In addition to this, it appears from the testimony of Capt. Simmie, a witness for plaintiff—and the fact was not disputed by the plaintiff— that after the vessel entered the ice the floating pieces of ice became thicker and thicker, and the obstruction to navigation greater, as the voyage continued; so great at times as to make it impossible for the vessel to proceed until a new channel was opened by the drifting or moving ice. This, in connection with Capt. Panno's deposition admitted, was substantially all that would have been shown by the rejected testimony as to the master's alleged deliberate and

reckless assumption of a well-known danger, in continuing the voyage through the ice fields; and I am of the opinion that the verdict would not and ought not to have been different if the evidence had been received.

Motion for new trial denied.