CHICAGO, M. & ST. P. RY. CO. v. NEWSOME.

(Circuit Court of Appeals, Eighth Circuit. November 29, 1909.)

No. 2,953.

1. APPEAL AND ERROR (§ 997*)—DIRECTION OF VERDICT—REVIEW.
    Where the evidence in an action for injuries was sufficient to require submission of the case to the jury, an assignment that the court erred in denying defendant's request for a directed verdict was unsustainable.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4024; Dec. Dig. § 997.*]

2. EVIDENCE (§ 577*)—TESTIMONY AT FORMER TRIAL—STENOGRAPHIC NOTES.
    Where a witness promised, but failed, to be present at the second trial, plaintiff could not introduce his testimony, given at a former trial, over defendant's objection.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2406; Dec. Dig. § 577.*]

3. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—RECEPTION OF EVIDENCE—WITHDRAWAL.
    The rule that error in the admission of evidence is cured by the court distinctly withdrawing it during the progress of the trial is inapplicable, if it appears that the impression made by the evidence on the jury was so strong or of such a character that it probably remained, notwithstanding the court's direction.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4179; Dec. Dig. § 1053;* Trial, Cent. Dig. § 977.]

4. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—RECEPTION OF EVIDENCE—WITHDRAWAL.
    A material witness for plaintiff having failed to appear at a third trial in accordance with his promise, the court erroneously permitted his testimony at the former trial to be read from a stenographer's notes, but later, discovering the error, withdraw it, and directed the jury not to consider it. The testimony covered 37 pages of the record, and bore on the vital issue of the case as to the conduct of defendant's brakeman in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ejecting plaintiff, a trespasser, from a train. The evidence was also so voluminous and interwoven with plaintiff's other testimony as to be incapable of adequate separation. Plaintiff's testimony on the important facts was positively contradicted by defendant's witnesses. The preceding trial resulted in a disagreement, and at the last trial the jury, after having the case for nearly 24 hours, reported their inability to agree, whereupon the court instructed them that, if a majority were agreed, the minority should seriously consider whether they may not reasonably doubt the correctness of their judgment, etc., whereupon a verdict for plaintiff followed. *Held*, that the erroneous admission of the evidence was not cured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4179; Dec. Dig. § 1053 ;* Trial, Cent. Dig. § 977.]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Oswald A. Newsome against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

M. B. Webber (Edward Lees, on the brief), for plaintiff in error.

Henry M. Lamberton (L. L. Brown, W. D. Abbott, and S. H. Somsen, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. Newsome was a trespasser on a freight train, and claims he was compelled by a brakeman, by threats of personal violence, to get off while it was in rapid motion, and in doing so fell between the cars and was injured. He sued the railway company, and obtained a judgment, which was reversed. 83 C. C. A. 442, 154 Fed. 665. A second trial resulted in a disagreement of the jury. At a third trial Newsome obtained the judgment at which this writ of error is directed.

Without recapitulating the evidence, we think it was sufficient to require the submission of the case to the jury, and therefore the assignment of error based on the denial of defendant's request for a directed verdict cannot be sustained.

The only other assignment that need be noticed relates to the admission of certain evidence on behalf of the plaintiff. Against the objection of the defendant the trial court allowed plaintiff to read in evidence as part of his case the testimony of one Eckfeldt, given at the preceding trial. Eckfeldt had promised to be present at the last trial, but failed to appear, and his testimony was read from the stenographic notes of the reporter. This was error. Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117; Hanks Dental Ass'n v. Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989; Salt Lake City v. Smith, 43 C. C. A. 637, 104 Fed. 457; Diamond Coal & Coke Co. v. Allen, 71 C. C. A. 107, 137 Fed. 705. Later, it having been discovered that, under the statutes regulating the mode of proof in actions at law in the courts of the United States, the evidence was not admissible, plaintiff asked the court to withdraw it from the jury; but defendant asked that a mistrial be declared, and that the case be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tried to another jury. The court denied defendant's request, and directed the jury to disregard the evidence, and to consider the case as if it had not been given. Of this action the defendant complains.

The general rule is that, if evidence erroneously admitted during the progress of a trial be distinctly withdrawn by the court, the error is cured; but it is otherwise if it appears that the impression made by the evidence on the jury is so strong or of such a character that it probably remains, notwithstanding the direction of the court. Washington Gaslight Co. v. Lansden, 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543; Throckmorton v. Holt, 180 U. S. 552, 21 Sup. Ct. 474, 45 L. Ed. 663; Turner v. American Security & Trust Co., 213 U. S. 257, 29 Sup. Ct. 420, 53 L. Ed. 788; Armour & Co. v. Kollmeyer, 88 C. C. A. 242, 161 Fed. 78, 16 L. R. A. (N. S.) 1110. The testimony of Eckfeldt covers 37 pages of the record, and it bore upon the important and vital issues touching the conduct of the plaintiff and the brakeman whose acts are alleged to have given rise to the cause of action. The plaintiff, Eckfeldt, and another witness, all of whom were trespassers riding on the train without lawful right, testified substantially to the same facts, and upon their testimony the plaintiff's case practically depended. The evidence improperly admitted was not confined to some particular fact, circumstance, or feature that was brought distinctly and clearly to the attention of the jury; but it was only identified by the court by the naming of the witness. It was so voluminous and so interwoven and connected with the mass of plaintiff's evidence as to be incapable of adequate separation, and we think it was impossible for the jury, however desirous of obeying the direction of the court, to escape entirely the influence of it.

We are the more persuaded that it prejudiced the defendant and influenced the result because the case was quite evenly balanced. The testimony for the plaintiff upon the important facts was positively contradicted by defendant's witnesses. The preceding trial resulted in a disagreement of the jury, and at the last one the jury, after having the case for nearly 24 hours, reported to the court their inability to agree. The court then gave them the instruction set forth in United States v. Allis (C. C.) 73 Fed. 165, 182, and the verdict followed.

The judgment is reversed, and the cause remanded for a new trial.