| Lay. | Salvage Award. | Name. | Total. |
|---|---|---|---|
| $93.75 | $100.00 | Connors | $193.75 |
| 46.60 | 100.00 | Fahey | 146.60 |
| 31.25 | | Miller | 31.25 |
| 23.40 | | Nickerson | 23.40 |
| 36.05 | | Evans | 36.05 |
| 36.05 | 75.00 | Crowe | 111.05 |
| 36.05 | 30.00 | Powers | 66.05 |
| 36.05 | 30.00 | Fowler | 66.05 |
| 36.05 | 75.00 | O'Toole | 111.05 |
| 36.05 | 30.00 | O'Brien | 66.05 |
| 36.05 | 30.00 | Jackman | 66.05 |
| 36.05 | | Maloney | 36.05 |
| 36.05 | | Walsh | 36.05 |
| 36.05 | 50.00 | Eustace | 86.05 |
| 36.05 | 60.00 | Whiffen | 96.05 |
| 36.05 | | Roache | 36.05 |
| 36.05 | | Dunn | 36.05 |
| | 30.00 | Ray | 30.00 |

### KORNBLUM v. SOUTHERN PAC. CO.

District Court, E. D. New York. September 10, 1929.

Charles Franklin, of New York City, for the motion.

David Bernstein, of New York City, opposed.

INCH, District Judge. Plaintiff commenced this common-law action against defendant in the state court. It was removed to this court. Plaintiff has served an alleged subpœna on defendant and has also served what is termed by plaintiff, from copy of the paper submitted, as a "notice for examination of defendant as an adverse party before trial."

Defendant now moves for an order vacating said notice of examination before trial and setting aside the said subpœna issued pursuant thereto.

This cause having been duly removed to this court, it must have a free hand to dispose of such motions. Dicks-David Co. v. Edward Maurer Co. (D. C.) 279 F. 281.

This is not an examination to frame a pleading. Donnelly v. Anderson Brown & Co. (D. C.) 275 F. 438. It is plainly set forth that the pleadings are already on file.

It must be therefore considered, as it is termed by the plaintiff, a proposed examination of a defendant before trial.

So far as I am aware, this has never been allowed in the federal court. Title 28, § 635, USCA, Judicial Code and Judiciary. Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117.

The Fisk Case, decided in 1884, was one where a suit was commenced in the state court and later, by defendant, removed to the federal court. Both in the state court and the federal court motions for examination of the defendant before trial were granted. The Supreme Court, in its opinion, which so far as I can find has not been modified or changed, held that the federal court was without authority to make such an order.

In 1917, Judge Mayer stated: "In the United States Courts examination before trial, in actions at law, are unknown, and hence litigants on the law side cannot avail of the system in that regard, familiar to the New York courts." Roebling's Sons Co. v.

Kinnicutt (D. C.) 248 F. 596, 600. See also Cyc. of Fed. Procedure (1929) vol. 4, § 1358, for numerous cases on the general subject there cited. The Fisk Case would seem sufficient on the facts here.

I am informed by the clerk that the subpœna in question was never duly issued by the clerk of the court or his deputy as required by law. However, as the motion must be granted in any event, it is unnecessary to more than mention this fact.

Motion granted.