### YOUNG v. TRAVELERS' INS. CO.
No. 1616.

District Court, N. D. Oklahoma.
Feb. 25, 1933.

Philip Kates, of Tulsa, Okl., for plaintiff.

Randolph, Haver, Shirk & Bridges, of Tulsa, Okl., for defendant.

**FRANKLIN E. KENNAMER, District Judge.**

The plaintiff instituted this action to recover $7,500 on an accident insurance policy issued on the life of Orlando Halliburton. The insured on October 14, 1931, about 4 o'clock p. m., registered in the Mincks Hotel in the city of Tulsa, Okl., under an assumed name, and was assigned a room on the seventh floor of said hotel. He was escorted to the room by one of the bell boys at the hotel, and on entering the room he requested some ice water. When the ice water was furnished, he requested the bell boy to pour him some liquor from a pint bottle which he had with him. He took a large drink of the liquor. The lower sash of the window, when raised to the full heighth, made an opening of only twenty-five inches. The windows all had screens. In about thirty minutes after the insured was left in the room he was found on the sidewalk on the west side of the hotel approximately six feet from the building line in an unconscious condition, with his left leg almost severed from his body. He had struck an awning in the fall from the window. He died in about two hours from the time he was found in the condition as described.

In a former trial of the case Wm. G. Graham testified as a witness for the defendant. The substance of the evidence of this witness was that he was immediately across the street from the window from which Halliburton descended, and saw him standing in the window looking as if he was gazing downward and that no one appeared to be near him, and he appeared to jump out of the window and fall to the sidewalk, badly crushing his body.

His testimony was taken down by the court reporter, and had been transcribed. The defendant, after having shown that Graham's attendance could not be had at this trial for the reason he was a resident of Houston, Tex., and without the jurisdiction of the court, and at the date of the trial was confined in the county jail at Houston, Tex., without bond, charged with a capital offense. The objection to the introduction of his testimony given at the former trial was overruled, and the defendant permitted to read the transcript of his evidence to the jury.

It is urged upon the motion for new trial the court committed error in permitting the evidence to be read, and that the verdict of the jury is contrary to law and not sustained by sufficient evidence.

It is insisted that in the trial of law actions in the federal courts sections 861, 863, 867, Revised Statutes, section 635, 639, 645, title 28 USCA, define the exclusive mode of proof in such actions and form a complete system, and that no authority may be found under the federal statutes for the admission of a transcript of the evidence of a witness at a former trial in evidence at a subsequent trial, and that the right to take depositions in a law action is entirely statutory. 18 C. J. p. 660. At common law the mode of presenting evidence in a law action was to have the witnesses physically present for the purpose of giving their oral testimony, while in criminal cases ex parte statements and depositions were used. In re Thatcher (C. C. & D. C.) 190 F. 969. Statutes authorizing the taking of depositions are in derogation of the common law. See 18 C. J. p. 607. The case of Diamond Coal & Coke Company v. Allen (8 C. C. A.) 137 F. 705, 707, is relied upon as an authority sustaining the rule that Revised Statutes, §§ 861, 863, 867, title 28, sections 635, 639, 645, USCA, prescribe the modes of taking proof in actions at law in the courts of the United States, to the exclusion of all others, and that the testimony of a witness given on a former trial of the same case cannot be read in evidence. Section 861 of Revised Statutes provides: "The mode of proof in the trial of actions at common law shall be by oral

testimony and examination of witnesses in open court, except as hereinafter provided." One of the exceptions provided for is that the testimony may be taken by deposition. The case is authority for the proposition that none of the exceptions allow the testimony of a witness given at a former trial to be introduced at second trial. Lochren, District Judge, in delivering the opinion of the court in this case, said: "This court in C., St. P., M. & O. Ry. Co. v. Myers, 80 F. 361, 365, 25 C. C. A. 486, held that a stenographic report of the testimony given on a former trial by a nonresident witness, absent in Ohio, was rightly excluded because incomplete. It appearing that such evidence was admissible in the courts of Minnesota (where the trial was had) and in other jurisdictions the court said: 'We can see no substantial objection to the admission of such testimony when on the first trial the witness was fully examined and cross-examined,' etc. This observation was aside from any point decided in the case; and it does not appear that the United States statutes or any of the decisions of the Supreme Court on the subject were in any way called to the attention of the court. Later, in Salt Lake City v. Smith, 104 F. 457, 469, 43 C. C. A. 637, this court held that the sections of the Revised Statutes referred to provide a complete system for the practice of the courts of the United States in the procurement and admission of the testimony of witnesses, and that it was error to admit evidence of the testimony of witnesses given at a former trial of the case."

It is apparent from a consideration of the opinion that the court reached its conclusion upon the authority of Salt Lake City v. Smith (C. C. A.) 104 F. 457, 469, opinion by Sanborn, Circuit Judge. A careful consideration of this opinion discloses it cannot be said to be authority for the rule as contended for by the plaintiff. In the opinion we find the following statement of the rule:

"Section 867 authorizes the courts of the United States, in their discretion, and according to the practice in the state courts, to admit evidence so taken; and sections 868, 869, and 870 prescribe the manner of taking such depositions, and of the use of the subpœna duces tecum, and how it may be obtained. [References to sections of Revised Statutes (28 USCA §§ 645–648).]

"These various sections of the acts of congress provide a complete system for the practice of the courts of the United States in the procurement and admission of the testimony of witnesses. In section 861 they establish a general rule, and in the subsequent sections to which reference has been made they specify every exception to it. Every case must, therefore, fall under the rule or under one of the exceptions. A glance at the sections which specify the exceptions discloses the fact that the testimony of a witness at a former trial is not among the exceptions, and this case therefore necessarily falls under the express declaration of congress that the mode of proof in actions at common law shall be by oral testimony and examination of witnesses in open court. There was no proof or offer to prove that the plaintiffs' witnesses who testified at the former trial were dead, insane, without the jurisdiction of the court, or that for any reason their presence and oral examination were either impossible or impracticable. The legal presumption, therefore, was that their attendance could be obtained by the customary issue and service of a subpœna. It is not claimed that the acts of congress from which these provisions of the Revised Statutes are extracted were unconstitutional or ineffective. It is not within the province or the power of the judicial department of the government to repeal or to abrogate the provisions of these constitutional statutes, and it was error for the court below to admit in evidence the testimony of the witnesses for the plaintiffs taken at former trials. Ex parte Fisk, 113 U. S. 713, 722, 725, 5 S. Ct. 724, 28 L. Ed. 1117; Whitford v. Clark County, 119 U. S. 522, 525, 7 S. Ct. 306, 30 L. Ed. 500; Beardsley v. Littell, Fed. Cas. No. 1,185."

It clearly appears from a consideration of the case that the learned judge recognized the rule that, in the trial of law actions in the courts of the United States, courts in their discretion may admit evidence which has been taken according to the practice in the state courts. It may be here observed that Judge Sanborn clearly stated: "There was no proof or offer to prove that the plaintiffs' witnesses who testified at the former trial were dead, insane, without the jurisdiction of the court, or that for any reason their presence and oral examination were either impossible or impracticable."

I conclude that this case is authority against the contention of counsel for the plaintiff in the case at bar.

While there is some conflict in the authorities as to the admissibility of such testimony, upon a consideration of the cases I am convinced that the better-reasoned authorities support the rule that such evidence is admissible upon proper showing being made

that the witness is dead, insane, or without the jurisdiction of the court, and that it is impractical to produce the witness in person, and that Revised Statutes, section 861, title 28, section 635, USCA, do not require the exclusion of such evidence.

The case of Chicago, M. & St. Paul R. Co. v. Newsome, 174 F. 394 (8 C. C. A.) held: "Where a witness promised, but failed, to be present at the second trial, plaintiff could not introduce his testimony, given at a former trial."

This case again approved the rule announced by the same court in Diamond Coal & Coke Company v. Allen, 137 F. 705, supra. It is clear from the statement of facts in the opinion, that the "witness promised to be present but failed to appear," the evidence was improperly admitted. This opinion cites the case of In re Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117. In this case the court held that none of the exceptions found in sections 863, 866, and 867, Revised Statutes (28 USCA §§ 635, 639, 645), authorized the examination of a party to the suit in advance of the trial as provided for under the statutes of New York. There is no conflict in this decision and the authorities sustaining the right to introduce the evidence of a witness given in a former trial upon proper showing of the impossibility to have such witness in attendance upon the second trial.

Where the testimony of a witness has been preserved in a former trial, upon proper showing at a subsequent trial of the same case of inability to procure the attendance of such witness, such evidence should be admissible. The examination of such witness in open court at the first trial and the opportunity for full cross-examination of such witness renders such evidence so offered in a subsequent trial the equivalent of the deposition of such witness. It is clear such evidence has been obtained in a more formal and effective manner than is usually followed or required in the taking of a deposition.

In the case of Toledo Traction Company v. Cameron (6 C. C. A.) 137 F. 48, 59, the authorities are carefully reviewed together with the applicable statutes, and the conclusion reached that such evidence should be admitted. Severens, Circuit Judge, in delivering the opinion of the court, said: "If, therefore, the testimony which is the subject of contention in the case before us was admissible by the common-law rules of evidence, the provisions for taking depositions are not material. And we think that not only in the English courts, but in the federal as well

as in the state courts, the admissibility of such proof has been quite constantly regarded as controlled by the general rules of evidence, and the proof held to be admissible when the witness who delivered the testimony on the former trial is dead or has become insane or resides beyond the reach of the process of the court, or, as held in some instances, when the witness has lost his memory of the events he had formerly testified about." See Hughes, Federal Practice, vol. 6, § 3611, p. 136; Encyclopedia of Federal Procedure, vol. 2, § 584, p. 865; Great Northern R. Co. v. Ennis, 236 F. 17 (9 C. C. A.)

It is conceded under the statutes of Oklahoma such evidence is admissible. Title 28, § 643, USCA, provides: "In addition to the mode of taking the depositions of witnesses in causes pending at law or equity in the district courts of the United States, it shall be lawful to take the depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

Section 3071, C. O. S. 1921, provides: "The shorthand reporter in any court of record shall file his notes taken in any case with the clerk of the court in which the cause was tried. Any transcript of notes so filed, duly certified by the reporter of the court who took the evidence as correct, shall be admissible as evidence in all cases, of like force and effect as testimony taken in the cause by deposition, and subject to the same objection. * * * *" From a consideration of section 643, title 28, USCA, supra, and in the provision of the Oklahoma statute is to be found plain statutory authority for the admission of the former testimony of the witness Graham under the showing made. Such evidence, when so certified by the court reporter under the statutory authority, becomes the equivalent and in legal effect the deposition of such witness. Judge Sanborn, in the case of Salt Lake City v. Smith, supra, definitely held that section 867 of the Revised Statutes, which is the same as section 645, title 28, USCA, supra, rendered such evidence admissible. The effect of section 3071, C. O. S., supra, is to make the transcript of the court reporter's notes of the witness' evidence, and its certification by such reporter, the deposition of such witness, and section 643, title 28, USCA, supra, renders such deposition admissible in evidence where it would have been competent to have taken such witness' deposition. See Mattox v. United States, 156 U. S. 237, 15 S. Ct. 337, 39 L. Ed. 409.

This conclusion is not in conflict with

the opinion of the Supreme Court of the United States in Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 24 S. Ct. 700, 702, 48 L. Ed. 989. This opinion was delivered May 16, 1904, subsequent to the Act of Congress approved March 9, 1892, 27 Stat. 7, which is the same as section 643, title 28, USCA, supra, in which the rule announced in Re Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117, is again approved. The same question was presented in this case as in the Fisk Case, the right to examine a party to an action pending in any court of record, or of a person who expects to be a party to an action about to be brought under section 870 of the Code of Civil Procedure of New York. Chief Justice Fuller, speaking for the court, quoted from the case of Union Pacific R. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734: "The only power of discovery or inspection, conferred by Congress, is to 'require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery,' and to nonsuit or default a party failing to comply with such an order." Chief Justice Fuller, in construing section 643, title 28 USCA, supra, said: "In short, the courts of the United States are not given discretion to take depositions not authorized by Federal law, but, in respect of depositions thereby authorized to be taken, they may follow the Federal practice in the manner of taking, or that provided by the state law. United States v. Fifty Boxes and Packages of Lace [D. C.] 92 F. 601."

So it is plain under the construction of section 643, title 28, USCA, supra, by the Supreme Court of the United States, where a witness has testified in a case, and such testimony has been preserved by filing a transcript of the same duly certified by the court reporter, upon another trial of the same case, and such witness is without the jurisdiction of the court, the evidence of such witness is competent when presented in the form of a deposition as authorized under the state practice, where such court is sitting. The introducing of the deposition of witness which has been obtained in the manner provided under the state practice is entirely a different proceeding than one for the discovery of evidence by requiring a party to an action to submit to examination by the adverse party.

The contention that the verdict of the jury is not supported by sufficient evidence and is contrary to law is untenable. In the case of Frankel v. New York Life Insurance Co., 51 F.(2d) 933 (10 C. C. A.), it was held: "Legal presumption that death was due to accident rather than suicide disappears where there is evidence of suicide."

I am of the opinion that the verdict of the jury is supported by the evidence. The motion for new trial is denied.