# CAMDEN AND SUBURBAN RAILWAY COMPANY *v.* STETSON.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

### No. 174. Argued March 6, 1900.—Decided April 9, 1900.

This was an action brought in the Circuit Court of the United States for the District of New Jersey against a railway company, for an alleged injury to the plaintiff, caused by the neglect of the railway company while the plaintiff was a passenger on one of its cars. *Held* that that court had the legal right or power, under the statute of New Jersey and the United States Revised Statutes, to order a surgical examination of the plaintiff.

This case came here upon a certificate from the Circuit Court of Appeals for the Third Circuit, under the act of March 3, 1891, c. 517, § 6, 26 Stat. 826. The action was brought in the Circuit Court of the United States for the District of New Jersey by the plaintiff against the railway company to recover damages for an alleged injury to his person caused by the neglect of the defendant while the plaintiff was a passenger on one of defendant's cars. At the time that he brought suit plaintiff was a citizen of the State of Pennsylvania, the railway company being a corporation of the State of New Jersey. The alleged neglect and injury occurred on the 13th day of July, 1896, in the city of Camden in the State of New Jersey, and at that time the plaintiff was a citizen of that State.

On the 12th of May, 1896, the legislature of New Jersey passed and the governor approved an act (c. 202, p. 344) which reads as follows:

"1. On or before the trial of any action brought to recover damages for injury to the person, the court before whom such action is pending may, from time to time on application of any party therein, order and direct an examination of the person injured, as to the injury complained of, by a competent physician or physicians, surgeon or surgeons, in order to qualify the person or persons making such examination, to testify in the said cause

as to the nature, extent and probable duration of the injury complained of; and the court may in such order direct and determine the time and place of such examination; provided, this act shall not be construed to prevent any other person or physician from being called and examined as a witness as heretofore."

When the case was called for trial on March 31, 1898, and after a jury had been impaneled, but before the case was opened to the jury, the defendant's counsel asked in open court that the plaintiff should submit himself to examination by a competent surgeon. The plaintiff would not consent, and the court held that it had no power to order the plaintiff to subject himself to examination by physicians against his will, and it therefore refused to make the order asked for by counsel for the defendant, who was thereupon allowed an exception to the ruling. The trial proceeded and resulted in a verdict and judgment for the plaintiff. The defendant brought the case by writ of error before the Circuit Court of Appeals, and that court desiring the instruction of this court upon the matter made the foregoing statement and ordered the following questions to be certified here:

"1. Is the above-recited statute of the State of New Jersey, the act of May 12, 1896, applicable to an action to recover damages for injury to the person brought and tried in the Circuit Court of the United States for the District of New Jersey?

"2. Is said statute applicable to an action to recover damages for injury to the person brought and tried in the Circuit Court of the United States for the District of New Jersey, where the injury occurred in the State of New Jersey, and both the plaintiff and the defendant at the time of the injury were citizens of that State?

"3. Had the Circuit Court the legal right or power to order a surgical examination of the plaintiff?"

*Mr. E. A. Armstrong* and *Mr. David J. Pancoast* for plaintiff in error.

*Mr. Howard Carrow* for defendant in error.

Mr. Justice Peckham, after stating the facts, delivered the opinion of the court.

An answer to the third question, "Had the Circuit Court the legal right or power to order a surgical examination of the plaintiff," will be all that is necessary for the action of the court below.

It is settled in this court that no power to make such an order exists at common law; in other words, the court has no inherent power to make it. *Union Pacific Railway* v. *Botsford,* 141 U. S. 250. In that case there was no statute of the State in which the United States court was held which authorized the order. There is no intimation in the opinion that a statute of a State directly authorizing such examination would be a violation of the Federal Constitution, or invalid for any other reason.

In this case we have such a statute, and by section 721 of the Revised Statutes of the United States it is provided that "the laws of the several States, except where the Constitution, treaties or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in courts of the United States, in cases in which they apply."

Does not this statute of the State apply in trials at common law in the United States courts sitting in the State where the statute exists?

The case before us is a common law action; it is one to recover damages for a tort, which is an action of that nature. It was being tried in the State which enacted the statute, and the court was asked to apply such statute to the trial of an action at common law.

Neither the Constitution, treaties nor statutes of the United States otherwise require or provide. The statute concerns the evidence which may be given on a trial in New Jersey, and it does not conflict with any statute of the United States upon that subject. It is not a question of a general nature, like the law merchant, but simply one concerning evidence based upon a local statute applicable to actions brought within the State to recover damages for injury to the person. The statute comes

within the principle of the decisions of this court holding a law of the State of such a nature binding upon Federal courts sitting within the State. *Swift* v. *Tyson,* 16 Pet. 1, 18; *Nichols* v. *Levy,* 5 Wall. 433; *Watson* v. *Tarpley,* 18 How. 517, 520; *Ex parte Fisk,* 113 U. S. 713.

It was held in *United States* v. *Reid,* 12 How. 361, that the provision of the law of Congress did not extend to criminal offences against the United States, for that would be to give to the States the power of prescribing the rules of evidence in trials for offences against the United States. It was said, however, that the section was intended to confer upon the courts of the United States the jurisdiction necessary to enable them to administer the laws of the States.

We are not aware of any reason why this law of the State does not apply to courts of the United States under the section of the Revised Statutes above quoted. There is no claim made that the statute violates the Federal Constitution, and we are of opinion that such a claim would have no foundation, if made.

Counsel for the plaintiff refers in his argument to the opinion in the *Botsford case,* where it is stated (at page 256) that the question is one which is not governed by the law or practice of the State in which the trial is had, but that it depends upon the power of the national courts under the Constitution and laws of the United States, and he argues therefrom that the state statute is immaterial, and can furnish no foundation for the exercise of the power by the Federal court. We do not dispute that if there were no law of the United States which, in connection with the state law, could be referred to as in effect providing for the exercise of the power, the court could not grant the order under the decision in the case of *Botsford.* But we say there is a law of the United States which does apply the laws of the State where the United States court sits, and where the State has a law which provides for the making of an order for the examination of the person of a plaintiff in a case like this, the law of the United States applies that law to cases of such a nature on trial in Federal courts sitting in that State. In the *Botsford case* there was no state law, and consequently no foundation for the application of the law of the United States.

In *Ex parte Fisk*, 113 U. S. 713, the statute of the State of New York, in relation to the examination of parties before trial, was held to be in conflict with the act of Congress providing for the examination of witnesses in courts of the United States, and was, therefore, inapplicable in those courts; but the statute in this case is not in conflict with any statute of the United States. It does not conflict with section 861 of the Revised Statutes, providing for the oral examination of witnesses in open court. On the contrary, whatever information may be obtained by the surgeon who examines the plaintiff under the statute in question can be availed of only by the defendant's producing the witness and examining him in open court, or by deposition, if he come within the exception mentioned in section 863 and the following sections.

The validity of this statute has been affirmed by the Supreme Court of New Jersey in *McGovern* v. *Hope*, 42 Atl. Rep. 830; to appear in 63 N. J. Law. The opinion of the court was delivered by Mr. Justice Depue and the court held that the act was within the power of the legislature, and was not an infringement upon the constitutional rights of the party.

The validity of a statute of this nature has also been upheld in *Lyon* v. *Manhattan Railway Company*, 142 N. Y. 298, although the particular form of that statute would probably be regarded as conflicting with the law of Congress in relation to the examination of a party as a witness before trial, and hence might not be enforced in courts of the United States sitting within the State of New York, but the validity of a statute providing for the examination of the person of a plaintiff in an action to recover for injuries is upheld and declared not to be in violation of the constitutional rights of the party.

The citizenship of the plaintiff at the time of the injury is not material so long as the court below has jurisdiction of the case and the parties at the time of the commencement of the action.

In those States in which it has been held that the court has inherent power to order the examination of a plaintiff in this class of action without the aid of a statute, all has been said that could be urged in favor of such power on grounds connected with public policy and the due and proper administration of

justice by the courts. This court has taken another view of the subject, in the decision of *Botsford's case,* above cited. But by reason of the statute of New Jersey, in which State this action was brought, there being no law of Congress in conflict therewith, we hold that the courts of the United States therein sitting have the power under the statute and by virtue of section 721 of the Revised Statutes of the United States to order the examination of the person of the plaintiff, and we, therefore, answer the third question of the court below in the affirmative, and

*It will be so certified.*

Mr. Justice Harlan dissented.