## CAMDEN & S. RY. CO. v. STETSON.

(Circuit Court of Appeals, Third Circuit. October 15, 1900.)

FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—SURGICAL EXAMINATION OF PARTY.

Under Rev. St. § 721, providing that the laws of the several states shall be rules of decision in trials at common law in the courts of the United States in cases to which they apply, except where the constitution, treaties, or statutes of the United States otherwise provide, in an action for a personal injury in a federal court in New Jersey the defendant is entitled to an order requiring the plaintiff to submit to a surgical examination, as provided by the laws of the state (Laws 1896, p. 344).[1]

---

[1] State laws as rules of decision in federal courts, see notes to Griffen v. Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; and Hill v. Hite, 29 C. C. A. 553.

In Error to the Circuit Court of the United States for the District of New Jersey.

E. A. Armstrong and D. J. Pancoast, for plaintiff in error.

Howard Carrow, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

PER CURIAM. In this case this court certified to the supreme court of the United States three questions of law arising upon the facts of the case, which facts, as stated in our certificate, are as follows:

"This cause is in this court upon a writ of error to the circuit court of the United States for the district of New Jersey. The suit was brought in the court below by David S. Stetson, a citizen of the state of Pennsylvania, against the Camden & Suburban Railway Company, a corporation of the state of New Jersey, to recover damages for an alleged injury to the person of the plaintiff, caused by the negligence of the defendant while the plaintiff was a passenger on one of the defendant's cars. The alleged negligence and injury occurred on the 13th day of July, 1896, in the city of Camden, in the state of New Jersey. At that time the plaintiff was a citizen of the state of New Jersey. On the 12th day of May, 1896, the legislature of the state of New Jersey passed, and the governor approved, the following act (Laws 1896, p. 344):

"'Chapter 202.

"'A supplement to an act entitled "An act concerning evidence" (Revision), approved March twenty-seventh, one thousand eight hundred and seventy-four.

"'Be it enacted by the senate and general assembly of the state of New Jersey:

"'1. On or before the trial of any action brought to recover damages for injury to the person, the court before whom such action is pending may, from time to time on application of any party therein, order and direct an examination of the person injured as to the injury complained of by a competent physician or physicians, surgeon or surgeons, in order to qualify the person or persons making such examination to testify in the said cause as to the nature, extent, and probable duration of the injury complained of; and the court may, in such order direct and determine the time and place of such examination: provided, this act shall not be construed to prevent any other person or physician from being called and examined as a witness as heretofore.

"'Approved May 12, 1896.'

"This cause being called for trial in the court below on the 31st day of March, 1898, and a jury having been impaneled, before the case was opened to the jury the following proceeding took place upon the defendant's motion for the surgical examination of the plaintiff under the New Jersey statute, supra: 'Mr. Armstrong [defendant's counsel]: I gave notice to the counsel for plaintiff of a motion for an order that the plaintiff submit himself to an examination by competent surgeons. This notice was given under the statute which authorizes the court, at or before the trial, to make such an order. I do not know that it was necessary to give the notice, but it was the fair thing to do, and so I gave the notice. I have the physicians here, and make the motion now. The Court: Has the plaintiff his physician in court? Mr. Carrow (plaintiff's counsel): Yes, sir. The Court: Do you assent to the order? Mr. Carrow: No, sir; I do not assent to it. The Court: Consent? Mr. Carrow: No, sir; I do not consent. The Court: If the plaintiff is unwilling to submit himself to an examination, I shall not compel him to do so. I do not think the court has any right, because a man sues for damages, to subject him to an examination by physicians against his will. He ought to be se-

cure in his person, and I will not make the order. If counsel will permit it to be done, I think it is a proper thing to do; but against the plaintiff's consent I will not make any order. Mr. Armstrong: I may file the notice? The Court: Yes, you may file the notice. Mr. Armstrong: And if I can have an exception, I would want one. I do not know that I can. I would make the same motion in the other case when it is called for trial. I ask an exception. The Court: You can have one if you are entitled to it.' Thereupon the defendant, by its counsel, prays a bill of exceptions, which is allowed and sealed accordingly.     Andrew Kirkpatrick [L. S.] Judge."

There was a verdict and judgment in favor of the plaintiff and against the defendant below in the sum of $3,500.

The first assignment of error is as follows:

"First. That on or before the trial of said cause the court refused and denied the application of the defendant to order and direct an examination of the plaintiff as to the injury complained of by him in his declaration, by competent physicians and surgeons, in order to qualify such physicians and surgeons to testify in such case as to the nature, extent, and probable duration of the injury complained of, on the ground that it was beyond the power of the court to grant such application or make such order."

The three questions propounded to the supreme court were these·

"(1) Is the above-recited statute of the state of New Jersey (Act May 12, 1896) applicable to an action to recover damages for injury to the person brought and tried in the circuit court of the United States for the district of New Jersey? (2) Is said statute applicable to an action to recover damages for injury to the person brought and tried in the circuit court of the United States for the district of New Jersey, where the injury occurred in the state of New Jersey, and both the plaintiff and the defendant, at the time of the injury, were citizens of that state? (3) Had the circuit court the legal right or power to order a surgical examination of the plaintiff?"

We have received from the supreme court of the United States its mandate directed to this court, and certifying that it is the opinion of the supreme court that the third question certified must be answered in the affirmative. 20 Sup. Ct. 617, Adv. S. U. S. 617, 44 L. Ed. 721. This affirmative answer to that question is decisive of the controversy between the parties to this appeal, and requires a reversal of the judgment of the court below, with direction to that court to grant a new trial. Accordingly, the judgment of the circuit court of the United States for the district of New Jersey is reversed, and the cause is remanded to that court, with direction to grant a new trial, in conformity with the decision of the supreme court of the United States as signified by its affirmative answer to the third question above set forth.