CHEATHAM ELECTRIC SWITCHING DEVICE CO. v. TRANSIT DEVELOPMENT CO.

SAME v. NASSAU ELECTRIC R. CO.

(Circuit Court, E. D. New York.   May 3, 1911.)

COURTS (§ 351*)—FEDERAL COURTS—PRACTICE OF STATE COURTS—DISCOVERY.
    The federal conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), which provides that the "practice, pleadings and forms and modes of proceeding" in the federal courts shall conform as near as may be to those of the state courts, does not make Code Civ. Proc. N. Y. § 803, available to a party in a federal court to obtain an inspection of property alleged to be in the possession of the adverse party.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. § 351.*
    Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law.  Action by the Cheatham Electric Switching Device Company against the Transit Development Company, and by the same against the Nassau Electric Railroad Company.  On motion for examination of property.  Granted in part.

O. Ellery Edwards, Jr., for plaintiff.
Kiddle & Wendell, for defendants.

CHATFIELD, District Judge.  The plaintiff has made a motion to examine certain devices which it alleges are in the control of the defendants, evidence as to which it wishes to introduce in an action at law for alleged infringement of patents.

Under section 803 of the Code of Civil Procedure of New York (which the plaintiff urges is made applicable by section 914 of the Revised Statutes [U. S. Comp. St. 1901, p. 684]), an inspection of the devices might be ordered, although the plaintiff does not set forth sufficient facts to satisfy the court that there is reasonable ground to believe the device to be in use.  But the court cannot hold this statute available.  Beardsley v. Littell, 14 Blatchf. 104, Fed. Cas. No. 1,185; In re Fiske, 113 U. S. 721, 5 Sup. Ct. 724, 28 L. Ed. 1117; Mutual Life Ins. Co. v. Griesa (C. C.) 156 Fed. 398.

Section 866, as amended by Act March 9, 1892, c. 14, 27 Stat. 7 (U. S. Comp. St. 1901, p. 664), provides for the use of state methods in taking depositions, but does not enlarge the cases in which depositions may be allowed; and section 914, R. S., while applicable to the federal jurisdiction over patent cases (Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 2175, 39 L. Ed. 280), does not change the methods of trial of an issue at law under section 861, R. S. (U. S. Comp. St. 1901, p. 661), which requires a motion under section 724, R. S. (U. S. Comp. St. 1901, p. 583), or a bill of discovery, to obtain the relief given in the New York courts by section 803 of the New York Code of Civil Procedure, including the examination of property.

The defendant in each case is alleged to be a user, and not a manufacturer, of the device.  In the Manufacturer's Catalogue the defendant is recited as one of those making use of the devices in question, and the plaintiff would seem to be able to show sources of information and grounds of belief sufficient to bring itself within the rule, if the present papers were criticised only upon that ground.  Inasmuch, therefore, as an amendment of the moving papers would avail nothing, and as the defendants have blue prints showing the devices as to which examination is asked, the present motion will be granted as to the papers and books necessary for the purpose.

The defendant Transit Development Company will be directed to produce a copy of the contract desired, and both defendants will be directed to produce the blue prints showing the device which they have in use, with copies of their records showing where the device portrayed in the blue prints has been installed, and file the same with the clerk of this court, under the provisions of section 724, R. S.  The clerk of the court will hold these papers as exhibits, to be available to either side, but under such restrictions, as to examination of all or any part of the contract, as may be ordered by the court before inspection by the plaintiff.