### WILSON v. NEW ENGLAND NAVIGATION CO.

(District Court, E. D. New York. June 4, 1912.)

1. COURTS (§ 371*)—FEDERAL COURTS—ACTIONS AT LAW.

A federal court in New York may, in conformity to Code Civ. Proc. N. Y. § 803, require the defendant in an action by a servant for a personal injury alleged to have been caused by a defective appliance to produce such appliance for plaintiff's inspection, which is in the nature of a discovery.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. § 371.*

Conformity of federal courts to state practice, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 393.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 317*)—ACTION FOR NEGLIGENCE—BILL OF PARTICULARS.

In an action in a federal court by a servant to recover for a personal injury alleged to have been caused by an appliance which was "unsafe, defective, imperfect and improperly constructed and applied," defendant is entitled to a bill of particulars under Code Civ. Proc. N. Y. § 531, to the extent of requiring plaintiff to specify in what the defect relied on consists.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

At Law. Action by James Wilson against the New England Navigation Company. On motion by defendant for a bill of particulars and by plaintiff for an examination and inspection of an object in defendant's possession. Both motions granted.

A. Delos Kneeland, for plaintiff.
Charles M. Sheafe, Jr., for defendant.

CHATFIELD, District Judge. The plaintiff has alleged injury while at duty on a steam tug belonging to the defendant by scalding from steam escaping out of a throttle valve or pipe, which he alleges was "unsafe, defective, imperfect and improperly constructed and applied." He alleges that the defendant had notice of the "defects, lack of safety and disrepair," and that a part of the machinery which the plaintiff was using was, without negligence on the plaintiff's part, blown out in the harbor of New York through the negligence stated.

The defendant has made a motion for a bill of particulars as to the respects in which the valve and piping were unsafe, defective, imperfect, improperly constructed or improperly applied, in what way any of the other machinery was defective or out of repair, and what part of the machinery was blown into the harbor.

It now appears that the plaintiff has no evidence that any of the machinery was blown into the harbor, but intended to allege that an explosion occurred while the boat was in New York Harbor. Nor does the plaintiff charge that any of the machinery was out of repair or unsafe, other than the throttle valve and the piping attached thereto. Plaintiff has demanded, by a motion brought on at the same time, examination and inspection of this throttle valve, which he alleges is in the possession of the defendant, before being required to specify any defects or lack of care beyond such as he may attempt to point out from the happening of the accident itself and the conditions under which it occurred.

[1] It will be necessary to take up his motion for inspection of this particular article first. It may be assumed that as at common law no power vests in a court of law to preliminarily examine a witness, or documents, or to require a party to allow the inspection of physical objects, including that of the person of a party, in advance of trial. Iasagi v. Brown, 1 Curt. 401, Fed. Cas. No. 6,993; Carpenter v. Winn, 221 U. S. 545, 31 Sup. Ct. 683, 55 L. Ed. 842. Nor have the United States courts any such power unless by statute.

In Ex parte Fisk, 113 U. S. 713, 5 Sup. Ct. 724, 28 L. Ed. 1117, it was held that section 914 of the Revised Statutes (U. S. Comp. St. 1901, p. 684), by which the practice and procedure in cases in the United States Courts are ordered to conform, as near as may be, in civil causes, to the practice and procedure in the state courts, and section 721 of the Revised Statutes (U. S. Comp. St. 1901, p. 581), by which the laws of the several states, except where the Constitution or statutes of the United States otherwise provide, are to be regarded as rules of decision in trials at common law, in courts of the United States, did not allow the examination of a party before a master, according to the laws of the state in which the action was being tried. The court held this as a conclusion from the language of section 861 of the Revised Statutes (U. S. Comp. St. 1901, p. 661), which directs that the mode of proof in trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except in the cases named by section 863 and sections 866 to 870 (U. S. Comp. St. 1901, pp. 661 and 663–665), inclusive.

The reason for taking the deposition in question was not within the specified situations of either section 863 or section 866, R. S., and the court therefore said that the provisions of section 861 must be held conclusive, not only as to the method of presenting the testimony of witnesses at the trial, but also as to the power of the court to procure written testimony for use at the trial in any other way than under the sections above specified.

In Union Pacific Railway Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734, personal examination of a plaintiff in order that a surgeon might prepare to testify at the trial of an action for personal injuries was held beyond the power of the United States courts, without reference to the law of the state in which the case arose. And, although no testimony was to be given until the trial, the court said, as in Ex parte Fisk, supra, that actions in a court of law of the United States must be governed by the rules and exceptions of the United States courts, as the United States statutes provide. Hence section 721, prescribing the rules for trial, was held not controlling over the conduct of the case prior to trial, while section 914 was held inapplicable to enlarge the power of the United States courts, so as to grant an examination of the sort asked, as neither sections 866 et seq. nor section 724 (at page 583) provided for such method of preparation for trial as was asked in that case. In Camden & Suburban Railway Co. v. Stetson, 177 U. S. 172, 20 Sup. Ct. 617, 44 L. Ed. 721, however, the decision in the Botsford Case was stated to have been upon the ground that no statute of the state in which the court was held existed allowing such examination, and an examination of the person of the plaintiff, under a statute of the state of New Jersey providing for such examination, in order to enable the witnesses to prepare for oral testimony on the trial, was upheld as within the power of the United States court.

It was intimated that the doctrine of Lyon v. Manhattan Railway Co., 142 N. Y. 298, 37 N. E. 113, 25 L. R. A. 402, which upheld, under the New York law, the physical examination of a party called

as a witness before trial, could not, under the decision of the Fisk Case, be upheld in a federal court. But a statute providing for inspection only was in conflict with nothing in the United States statutes, and therefore could be invoked in a case removed into the United States courts. In the case of Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 24 Sup. Ct. 700, 48 L. Ed. 989, taken up from the Southern District of New York, the Supreme Court held that the provisions of section 873 of the New York Code (which allow a physical examination of the plaintiff before trial, as a part of the examination of that party for the purpose of perpetuating his testimony under section 870) were contrary to the statutes of the United States. But the court expressly says that the principle of Camden & Suburban Railway Co. v. Stetson, supra, is correct, and also intimates that the ruling of Ex parte Fisk, supra, is unaffected in any substantial particular. In Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. Ed. 842, the Supreme Court has held that the production of books, papers, memoranda, etc., which under section 724 of the Revised Statutes can be produced by order of court "in the trial of an action at law," can only be obtained by subpoena or on notice at the trial, and that the provisions of this section leave the right to a bill of discovery unaffected. Hence the court holds that in an action at law the production before trial of books and papers cannot be ordered upon motion, but that the right to a bill of discovery is not affected, and intimates that every remedy, except a bill of discovery, is prevented by the argument of exclusion, based upon section 861, as in Ex parte Fisk, supra. In Kaiser v. Chicago, St. Paul, M. & O. Ry. Co. (D. C.) 192 Fed. 1013, examination of books and papers, under a state law of Minnesota, was held prohibited. The provisions of section 724, R. S., do not cover the examination of books and papers before trial. Therefore the court says that Congress must have intended to prohibit it. This court recently, in the case of Cheatham Electric Switching Device Co. v. Transit Development Co. (C. C.) 190 Fed. 202, held that it could not compel an inspection of certain switches in preparation for trial.

In that case the application was made under section 803 of the Code of Civil Procedure, and the inspection desired was urged under the doctrine of the case of Camden & Suburban Railway Co. v. Stetson, supra, with the idea that section 803 could be applied in the case of physical objects, such as a switch in operation in the track of a street railway, even though books, documents, papers, etc., could not be examined, and even though the physical examination of a plaintiff could not be had under the doctrine of Hanks Dental Association v. International Tooth Crown Co., supra. The court found that the papers upon which the motion was made were insufficient in any event, as they did not show that the device was in use and capable of examination, even if the right of examination existed; and, further, that certain blueprints were available as exhibits, which (prior to the decision in Carpenter v. Winn, supra), would come within the provi-

sions of section 724 of the Revised Statutes, and could be examined as papers, thus making an examination of the physical objects unnecessary.

This holding, that the provisions of section 724, R. S., are available for the examination of books and papers before trial, has been overruled by the decision of the Supreme Court in Carpenter v. Winn, supra. The application of section 724, R. S., therefore, having been limited to a production of books or writings at the trial, we are necessarily (under the express holding of the Supreme Court in that case that the right of a party to a bill of discovery is not affected by the provisions of section 724) brought to consider whether section 724 does exclude the New York Statutes providing for examination of papers and property before trial, and we must, therefore, look to the other sections of the Revised Statutes, and in the present case we must consider whether any of these sections prevent the examination of the valve which the plaintiff now seeks to inspect. As has been said, Ex parte, Fisk, supra, and Hanks Dental Association v. International Tooth Crown Co., supra, have held definitely that the examination of parties and witnesses and the taking of testimony, except at the trial, is contrary to the provisions of section 861 and section 863, R. S. In Carpenter v. Winn, supra, the production and examination of books and papers before trial was held impossible because to hold otherwise would be inconsistent with the court's conclusion that section 724 was limited to an order to produce at the trial, and that a bill of discovery could still be filed.

But none of these cases except that of Camden & Suburban Railway Co. v. Stetson, supra, seem to have considered a statute with provisions such as section 803, and providing for an examination of the object apart from the examination of a witness. It will be noted that section 803 of the New York Code applies to "any court of record," and is entirely general in its provisions, and the examination is of itself called a production and discovery. Sections 870 and 873 of the New York Code, on the other hand, have to do with the depositions of a party or person who expects to be a party, and the order for physical examination provides that, "in granting an order for the examination of the plaintiff before trial," the judge may direct him to submit to a physical examination as well. The purpose of the discovery and of these various statutes is to confer power upon the court to accomplish what seems to be recognized by the Legislatures and by Congress, in so far as the laws have been passed, as desirable to simplify litigation and aid litigants.

In Carpenter v. Winn, supra, the Supreme Court refers to the need of care in allowing examinations only where the record shows that the party is entitled thereto, in order to prevent what the court calls a "fishing excursion" to learn the strength of the opponent's case. But in negligence cases the court is also frequently confronted with the necessity of determining whether or not the plaintiff is conducting what might be called a "fishing excursion," in order to see if he can make out a case for himself, where he is not certain if he has a cause

of action. The court must be careful not to cause injustice to the plaintiff by a construction of the statutes under which he may be deprived of a meritorious cause of action, but, on the other hand, it must see that the statutes are strictly and carefully followed out.

The defendant suggests that inspection of an exhibit should not be allowed if the physical examination of the plaintiff is held illegal under the rulings of the Supreme Court. But why should the matter be made one of retribution and not of law? The decision in Ex parte Fisk was followed by an amendment by Congress to section 866, providing that "it shall be lawful to take the deposition or testimony of witnesses in the mode prescribed by the laws of the state." But in Hanks Dental Association v. International Tooth Crown Co., supra, the Supreme Court again held that the language of section 861, viz., "The mode of proof in the trial of actions at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided," was not affected thereby. In Carpenter v. Winn, supra, the words, "in the trial," are now held to mean only "at the trial," and the words, "except as hereinafter provided," are held, in Hanks Dental Association v. International Tooth Crown Co., supra, to mean only in cases where the United States statutes provide for a deposition. In other words, the language of section 861, which says, "mode of proof at the trial," includes the prohibition of any other form of preparation for trial, while in section 866, as amended, "mode prescribed" means the "way of taking down testimony," and cannot be construed as forming any rule as to when the testimony shall be taken. It is difficult to see why the Hanks Dental Association Case should be broadened after the limitation put upon section 861 by the decision in Carpenter v. Winn. To hold, after this last decision, that section 861 prohibits any way of preparing or preserving testimony, except "at the trial," or by certain kind of depositions, would prohibit a witness from going to inspect an object or locality for the purpose of testifying, or, in other words, would compel the production at the trial of everything to be considered by witnesses, and might even shut out testifying from recollection.

The present case seems to be of the sort where the plaintiff feels that he has a cause of action, but is in some doubt as to the exact ground for the charge of negligence, because the evidence from which he will attempt to make out his case is in the hands of the defendant. This evidence is not necessarily something which they are retaining for their defense, but is rather evidence which they do not desire the plaintiff to have, even if it be necessary to him for the proving of his case. Under these circumstances, it would seem to be hardship to allow the defendant to prevent the plaintiff from ascertaining what evidence is in existence and will be available to the plaintiff in proving the case which he will be bound to prove; while at the same time the defendant can insist upon the plaintiff's not being allowed to prove his case, unless he states just how he is going to try to charge liability. To deny the motion for inspection might enable the defendant not only to prevent the plaintiff's proving

his case, if he has one, but would put him in a position where he might never find out or satisfy the court that he has any case to prove.

[2] It also appears that the application for a bill of particulars, while sanctioned by usage and based upon section 531 of the New York Code, is in reality an application to have the plaintiff state his theory of negligence, or state more definitely just what negligent act of the defendant is charged and how he intends to make it out. This is, when properly asked, allowable under the form of a so-called bill of particulars, and the defendant's motion, therefore, should be granted, to the extent of directing the plaintiff to specify the cause of action upon which he intends to recover, in so far as to make certain whether the negligence was in the management and handling of the machinery in question, or whether it was in the previous installation and failure to provide or maintain suitable machinery.

But the plaintiff's motion for inspection should also be granted, and the order will provide that the plaintiff shall serve and file his bill of particulars within 10 days after the inspection is allowed and a proper identification of the valve made. The court's power to impound an exhibit when it is once within the jurisdiction of the court or produced in the case is undoubted. An application for discovery or for inspection might be denied and the exhibit itself might be ordered impounded in the possession of the clerk, if it be produced or within the physical control of the court at the time. It necessarily follows that if inspection and discovery can be ordered, under section 803 of the New York Code, the court, in a proper case, may direct that the inspection be had in court or under the scrutiny of some one representing the court, and that the exhibit might then be impounded. In this case, if the facts warrant that order, and if either party so desires, the court will consider a direction that the exhibit be left with the clerk of the court, to await its use upon the trial of the action.