BRACE et al. v. CENTRAL R. CO. OF NEW JERSEY.

(District Court, M. D. Pennsylvania. September 19, 1914.)

No. 508.

DAMAGES (§ 206*)—PHYSICAL EXAMINATION OF PERSON INJURED—POWER OF COURT TO ORDER.

In a common-law action for a tort resulting in a personal injury to plaintiff, a federal court has no power to make an order requiring plaintiff to submit to an examination by disinterested physicians, in the absence of a state statute giving it.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 531; Dec. Dig. § 206.*]

At Law. Action by Mary Jane Brace and others against the Central Railroad Company of New Jersey. On rule for order for compulsory examination. Denied.

Paul J. Sherwood, of Wilkes-Barre, Pa., for plaintiff.
Warren, Knapp, O'Malley & Hill, of Scranton, Pa., for defendant.

WITMER, District Judge. In this action the plaintiffs are endeavoring to recover damages for alleged injuries sustained by Bert W. Brace while a passenger on one of defendant's railway trains. The plaintiffs' statement sets forth that the said Brace suffered a fracture of the skull, resulting in permanent injuries to his brain and mind. Upon refusal to have the injured plaintiff examined by disinterested physicians to determine the state of his mind and the extent of the injury, the defendant obtained a rule to show cause why such

examination should not be ordered under the direction of the court. The plaintiffs resist the order, and in support of their contention that the court is without authority in the matter call attention to Camden Sub. Ry. Co. v. Stetson, 177 U. S. 172, 20 Sup. Ct. 617, 44 L. Ed. 721; Union Pacific Ry. Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734; Chicago v. Kendall, 167 Fed. 62, 93 C. C. A. 422, 16 Ann. Cas. 560; Wilson v. N. Eng. Nov. Co. (D. C.) 197 Fed. 88; Denver City Tram. Co. v. Norton, 141 Fed. 599, 73 C. C. A. 1; In re Ward (D. C.) 161 Fed. 755.

This is a common-law action for the recovery of damages for a tort, and subject to the local law concerning matters of evidence. Section 721, Rev. St. (U. S. Comp. St. 1901, p. 581); Camden, etc., Railway Co. v. Stetson, supra. No power to make an order for the examination of the person of the plaintiff in a case like this is to be found at common law (Union Pacific Railway v. Botsford, supra); hence in the absence of a state law the power does not exist.

The question has been variously decided in the lower courts of Pennsylvania, but it nowhere appears that it has been considered by the State Supreme Court. Though the sound reasoning employed in the able opinion of Judge Gunnison in Hess v. Railroad Co., 7 Pa. Co. Ct. R. 565, and by Judge Biddle in Dimenstein v. Riechelson, 34 Wkly. Notes Cas. (Pa.) 295, appeals to me, yet it remains that their conclusion reached, in granting the order, was based on the proper exercise of the equitable powers inherent in courts, incident to their power to regulate practice necessary to the proper administration of justice, being satisfied that where a party voluntarily comes into court, alleging personal injuries and demanding damages therefor, disinterested witnesses should not be prevented from examining the nature and extent of the injury under proper regulation, in order that the court and jury may be informed thereof by others than the plaintiff and his friends. All of these considerations were disregarded, it seems, for other and more important reasons by the United States Supreme Court in the Botsford Case, and while the decision has been slightly modified by the court in the later case cited of Camden Railway v. Stetson in holding that a statute enacted by the state of New Jersey regulating the practice should be enforced, it still remains that short of statutory authority the courts are powerless.

The prayer of the petition is at present denied.