## McKEON v. CENTRAL STAMPING CO.

(District Court, D. New Jersey. September 4, 1919.)

COURTS ⬤═353—FEDERAL COURTS—FOLLOWING STATE PRACTICE—NEW TRIAL —INADEQUATE DAMAGES.

 The federal District Court for New Jersey will, under Rev. St. §§ 721, 914 (Comp. St. §§ 1538. 1537), in a common-law action for tort, follow the rule and practice for courts of the state, when granting new trial solely for inadequacy of damages, to set aside the verdict only in respect of damages.

At Law. Action by Matthew J. McKeon, by Patrick McKeon, his next friend, and Patrick McKeon, against the Central Stamping Company, a corporation of the state of New York. On rule to show cause why the verdicts for plaintiffs should not be set aside and new trials granted. Verdict for Matthew McKeon set aside as to damages, and new trial ordered as to damages only.

See, also, 255 Fed. 8, ——. C. C. A. ——.

John W. Palmer, of Newark, N. J., for plaintiff.
Kalisch & Kalisch, of Newark, N. J., for defendant.

DAVIS, District Judge. The above-stated cause has been tried twice in this district. The first trial resulted in verdicts for the plaintiffs. Matthew J. McKeon, a boy 14 years of age, at the invitation of the driver of a horse and wagon belonging to the defendant company, took a ride on said wagon. At a stop on the trip, the horse start-

ed suddenly, and one of the wheels ran over the boy and so injured him as to necessitate the amputation of his left limb about six inches below the hip. The wound where the leg was amputated has not healed, but constantly discharges, which is due to injury or disease of the bone at or near the place of amputation. In order to stop the discharge and effect a cure, according to the medical testimony at the last trial at which I presided, it will be necessary to open the wound, push back the flesh, and cut off a piece of the bone, and, if it becomes necessary to remove so much of the bone that a piece four inches long from the hip joint is not left remaining, a wooden limb cannot be attached thereto, and the limb will have to be removed to the hip.

The jury, at the first trial, awarded Matthew J. McKeon, the boy, $11,000 damages, and his father, Patrick McKeon, $2,000, and judgments were entered for those amounts. On account of the failure to submit the question of authority of one of the employés of the defendant company to the jury, the Circuit Court of Appeals (255 Fed. 8, —— C. C. A. ——), at the suit of the defendant, sent the cases back for retrial. On the second trial, the jury awarded Matthew J. McKeon $5,000 and Patrick McKeon $1,500. The plaintiffs are seeking a new trial on the ground that the damages are inadequate. Matthew J. McKeon, aside from the injury, appeared to be a healthy, well-developed boy, and the testimony established, as I recall it, that he was a normal, healthy boy at the time of the accident, and had been before that. Under all the facts in the case, the nature and seriousness of the injury, the handicap it will be to the boy, and the purchasing power of a dollar at this time, I am satisfied that the damages awarded the boy are inadequate. He should have received more than that amount, if he is entitled to anything. Fifteen hundred dollars, the amount given by the jury to Patrick McKeon, does not seem grossly inadequate. The verdict, therefore, will not be set aside in the case of Patrick McKeon, and a new trial is denied him; but the verdict will be set aside and a new trial ordered in the case of the son, Matthew McKeon.

Under the state practice, "when a new trial is ordered because the damages are excessive or inadequate, and for no other reason, the verdict shall be set aside only in respect of damages, and shall stand good in all other respects." Rule 73 of the Practice Act of 1912 (P. L. 1912, p. 397). In section 32 of said act it is provided that the Supreme Court shall prescribe rules for that court, and that until such rules be made the general rules thereto annexed be deemed the rules of the court. The Supreme Court in 1913 made rules to take effect on December 1st of that year, and among those rules adopted general rule No. 73, and made it Supreme Court rule No. 132. Is this rule applicable in the federal court sitting in the district of New Jersey, and should the verdict be set aside only in respect of damages? It is provided in section 721 of the Revised Statutes of the United States that—

"The laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply." Comp. St. § 1538.

Section 914 of the Revised Statutes provides that—

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the [Circuit and] District Courts shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such [Circuit or] District Courts are held, any rule of court to the contrary notwithstanding." Comp. St. § 1537.

The Court of Errors and Appeals of New Jersey has held that the courts of New Jersey have power under this rule of the Supreme Court to set aside a verdict and grant a new trial in respect of damages only. Gaffney v. Illingsworth, 90 N. J. Law, 490, 101 Atl. 243. The case at bar is a common-law action, an action to recover damages for a tort. Neither the Constitution, treaties, nor statutes of the United States require a procedure in setting aside verdicts and ordering new trials otherwise than is provided in this rule of the New Jersey Supreme Court. The purpose of these federal statutes was to confer upon the courts of the United States the jurisdiction to enable them to administer the laws of the states. Camden & Suburban Ry. Co. v. Stetson, 177 U. S. 172, 20 Sup. Ct. 617, 44 L. Ed. 721. Under these statutes it is the duty of the federal courts to apply the laws of the states where they sit.

A new trial is ordered in the case before me because the damages are inadequate, and for no other reason, and in such a case under the New Jersey rule it is mandatory that "the verdict shall be set aside only in respect of damages, and shall stand good in all other respects." Therefore the verdict as to Matthew J. McKeon will be set aside only in respect of damages, and will stand good in all other respects, and a new trial ordered as to damages only.