**RISON v. POSTAL TELEGRAPH–CABLE CO.**

District Court, N. D. California, S. D. October 27, 1928.

No. 18239K.

C. H. Fish, of San Francisco, Cal., for plaintiff.

Gaylord & Smith, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. Defendant in this case has moved for an order requiring the plaintiff to submit to a physical examination prior to the trial by a physician to be designated by the court. Defendant relies upon the authority of Camden & Suburban Ry. Co. v. Stetson, 177 U. S. 172, 20 S. Ct. 617, 44 L. Ed. 721, which held that, although under the common law the federal courts might not order such examination (Union Pacific Ry. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734), it might do so where the federal court in which the action was brought was in a state permitting such examinations by statute.

There is no statute in California expressly authorizing such an order. The Supreme Court of the state of California has held, in Johnston v. Southern Pacific Co., 150 Cal. 535, 89 P. 348, 11 Ann. Cas. 841, that an order for physical examination is within the general powers of the courts (C. C. P. § 128, subd. 5), "to control in furtherance of

justice the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter appertaining thereto."

The statute just quoted is but a codification of a general common-law rule. Johnston v. Southern Pacific Co., supra, is therefore virtually the California interpretation of the common law, and is decided with reference to such general principles. The Supreme Court of the United States, in Union Pacific Ry. Co. v. Botsford, supra, has reached a different conclusion as to the common law, and this court is controlled by that conclusion. Chicago & N. W. Ry. Co. v. Kendall (C. C. A. 8) 167 F. 62, 16 Ann. Cas. 560; Brace v. Central Ry. Co. of New Jersey (D. C.) 216 F. 718; 2 Cyclopedia of Federal Procedure, § 573, p. 832. See, also, Hanks Dental Association v. International Tooth Crown Co., 194 U. S. 303, 24 S. Ct. 700, 48 L. Ed. 989.

In Chicago & N. W. Ry. Co. v. Kendall, supra, the contention was made that the federal courts sitting in Iowa were controlled by the decisions of the Supreme Court of Iowa under which a physical examination might be ordered. The Circuit Court of Appeals for the Eighth Circuit says:

"As to defendant's second contention, that the decision of the Supreme Court of Iowa upon a question of evidence is a 'law' within the meaning of section 721 of the Revised Statutes, we observe first that the question here raised is not of that character. It could not be contended that the testimony of a skilled physician based upon an inspection of the injured member would not be relevant evidence as to the nature and permanency of the injury. The question is not whether such testimony would be admissible in evidence, but whether the court has, at common law, the power to compel the plaintiff to submit to a surgical examination. We are therefore presented with a matter of practice rather than a rule of evidence. Neither court purports to deal with the question as a subject of local law. The Botsford decision is not based upon any statute or decision of the state in which the action arose. Nor does the Supreme Court of Iowa rely upon any consideration peculiar to that state. Both courts appeal to the general common law as the source of their decision. They are in direct conflict. Which authority should a federal court sitting in Iowa obey? When the point is thus presented, the answer is plain. One of the important functions of the Supreme Court is to declare the powers of inferior federal courts, and, when it has spoken on such a subject, its decision for those courts is final, anything in the decisions of state courts to the contrary notwithstanding."

As far as examination of a party prior to trial is concerned, I must hold that a defendant is not entitled to an order for the physical examination of the plaintiff. Such examination cannot, under the rule of the Botsford Case, be ordered before the trial, nor at the trial, unless plaintiff, by exhibiting injuries to the jury, himself waives his personal immunity, and must thereafter subject himself to further examination of the injuries so exhibited. Chicago & N. W. Ry. Co. v. Kendall (C. C. A.) 167 F. 62, 16 Ann. Cas. 560.

Defendant's motion for an order appointing a physician and directing plaintiff to submit to examination by him must be denied.