## BAILEY v. TEXAS CO. et al.

District Court, E. D. New York. September 17, 1929.

T. K. Schmuck and Fred W. Moore, both of New York City, for the motion.

Frederick R. Graves, of New York City, opposed.

INCH, District Judge. This suit is one to recover damages for personal injuries, originally commenced in the state court, and duly removed to this court. Defendant now moves for a bill of particulars and for a physical examination of plaintiff. On the return day of the motion no one appeared in opposition. The motion for a bill of particulars, being in proper form, was thereupon granted, but decision on the motion for a physical examination was reserved.

It might be possible to argue that the default of plaintiff in opposition to this motion could be construed as a consent, but I do not think that such construction should prevail, as it is a question of the power of the court to make such an order. Ex parte Fisk, 113 U. S. 713, page 726, 5 S. Ct. 724, 28 L. Ed. 1117.

Accordingly, as there has been no consent that would avail if this court is without "authority" to grant the relief, we come to the real question.

Examination of an adverse party before trial is not allowed and is contrary to a specific federal statute, Title 28, § 635, USCA. Ex parte Fisk, 113 U. S. 713, 5 S. Ct. 724, 28 L. Ed. 1117; Roebling's Sons Co. v. Kinnicutt (D. C.) 248 F. 596; Kornblum v. Southern Pacific Co., 34 F.(2d) 828 (recently decided in this district by me).

However, where there is no such specific federal statute opposed, and the state practice authorizes certain steps to be taken, the authority of this court exists. Camden & Suburban Ry. Co. v. Stetson, 177 U. S. 172, 20 S. Ct. 617, 44 L. Ed. 721; Rison v. Postal Telegraph-Cable Co. (D. C.) 28 F. (2d) 788.

Where no state statute exists, the Supreme Court has held that this court cannot order a plaintiff to submit to a physical examination in advance of the trial. Union Pacific Ry. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734.

It is reasonable to believe that a defendant in some cases of physical injury may desire, for good reasons, to ascertain promptly the physical condition of a plaintiff. Such reasons need not be enumerated, but are suggested by the controversy and its possible termination by trial or otherwise.

Nine years after the Botsford Case was decided, the Supreme Court had before it a similar application arising in a state and circuit (New Jersey) where the state law authorized such examination. The Supreme Court thereupon distinguished the Botsford Case, holding that such examination could be ordered. Camden & Suburban Ry. Co. v. Stetson, supra.

In its opinion, however, the court made this reference: "The validity of a statute of this nature has also been upheld in Lyon v. Manhattan Ry. Co., 142 N. Y. 298, 25 L. R. A. 402, 37 N. E. 113, although the particular form of that statute would probably be regarded as conflicting with the law of Congress in relation to the examination of a party as a witness before trial, and hence might not be enforced in courts of the United States sitting within the State of New York." Camden & Suburban Ry. Co. v. Stetson, supra, page 176 of 177 U. S., 20 S. Ct. 619. This statement requires therefore an examination of the present law of the state of New York, in this regard, to see if it now differs from the statute of that state then referred to. The decision in question of Lyon v. Manhattan Ry. Co., 142 N. Y. 298, 37 N. E. 113, 25 L. R. A. 402, took place in 1894. At that time the state of New York had a Code of Civil Procedure. It was provided, among other things, by section 873 of that Code (Laws of 1893, c. 721) as follows:

Section 1. "In every action to recover damages for personal injuries, the Court or Judge, in *granting an order for the examination of the plaintiff before trial*, may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the Court or Judge. * * *" (Underlining mine.)

It was there contended by counsel for defendant that this provided for a physical examination "distinct and apart from" the examination before trial.

The Court of Appeals, through the opinion of Judge O'Brien, held to the contrary, and consequently this section was construed by the highest court of the state to mean that there can be no physical examination except as a part of an examination of plaintiff before trial. It was this section so construed that was before the Supreme Court in the Camden Case, supra.

However, in 1920, by the Laws of 1920, c. 925, the Civil Practice Act duly took the place of the said Code of Civil Procedure, and section 306 of this act also provides for a physical examination. Said section 306 is as follows:

"*Physical Examination.*—In an action to recover damages for personal injuries, if the defendant shall present to the court satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court, by order, shall direct that the plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge, and such examination shall be had and made under such restrictions and directions as to the court or judge shall seem proper. If the party to be examined shall be a female she shall be entitled to have such examination before a physician or surgeon of her own sex. The order for such physical examination, upon the application of the defendant, may also direct that the testimony of such party be taken by deposition pursuant to this article." Clevenger's Practice Manual, 1929.

No case has been presented by counsel, nor can I find any, where that section has been construed by the highest court of the state, but aside from the wording of the section itself, the case of Kelman v. Union Ry. Co., 202 App. Div. 487, 195 N. Y. S. 313, throws considerable light on this question of the separateness of such physical examination, and this case should be followed in making the examination.

Also the reviser's note accompanying the section is as follows:

"*Source.*—This section is a portion of CCP, § 873, with an important difference; under the Code section there must always be an order for taking the testimony of the person who is to be physically examined; the physical examination cannot be ordered alone; this section allows it to be done either way." Clevenger's Practice Manual, 1929.

■ Accordingly, I think it can be said that the law of the state of New York is now materially different from the law at the time of the Camden Case and it is now lawful to

have an examination alone of the physical condition of the party. This would seem to do away with the objection indicated in the Camden Case and makes it possible to have such an examination without in any way violating any federal statute.

Judge Learned Hand, then sitting as a District Judge, thus distinguished a motion for an examination to frame a pleading from a perpetuation of testimony to be used in proof of the issues. Donnelly v. Anderson Brown & Co., Inc. (D. C.) 275 F. 438, 440. Judge Hand, however, made this statement at the end of his decision: "However, in deference to Ex parte Fisk, supra, I think the order should be modified to prevent the use at the trial of any of the evidence procured." The Kelman Case, supra, page 490 of 202 App. Div., 195 N. Y. S. 313, accomplishes this also. The examination, as such, and if written out as a report, etc., cannot thus be offered, as a part of the defendant's proof at the trial.

It seems to me to be within the law of the state of New York and not contrary to any statute of the United States to allow a physical examination of this plaintiff. Defendant, however, must rely on oral testimony and witnesses for examination and cross-examination at the trial in open court. The motion is solely for a physical examination.

Motion granted.