## MILLIGAN v. UNION PAC. R. CO.

District Court, S. D. New York.

Dec. 3, 1934.

Schlesinger & Krinsky, of New York City, for plaintiff.

Clark, Carr & Ellis, of New York City (Branch P. Kerfoot, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is at law for personal injuries alleged to have been suffered because of the defendant's negligence. The defendant has moved for a physical examination of the plaintiff before trial. The plaintiff takes the position that the court lacks power to order such an examination.

In the matter of physical examination of a party by competent surgeons, a United States court follows the statutes of the state in which the court sits. If the state has no statute on the point, there will be no physical examination. Union Pacific R. Co. v. Botsford, 141 U. S. 250, 11 S. Ct. 1000, 35 L. Ed. 734. If the state statute provides for the making of an order requiring a party to submit to such an examination before trial, then the United States courts sitting in the state have power to order the examination. Camden & Suburban Ry. v. Stetson, 177 U. S. 172, 20 S. Ct. 617, 44 L. Ed. 721.

There is a New York statute that gives to defendants in actions for personal injuries the right to a physical examination of plaintiffs before trial. Civil Practice Act, § 306. Examinations of this sort are indeed a common incident in personal injury actions in the state courts. It follows that the defendant here is entitled to an order requiring the plaintiff to submit to a physical examination. This ruling is in accord with a decision by Judge Inch in the Eastern District in a similar case. Bailey v. Texas Co. (D. C.) 34 F.(2d) 829.

Any other result would be unfortunate. A physical examination promptly after commencement of suit is a measure of protection against the trial of cases for imaginary ailments, and any plaintiff whose injuries are real ought to welcome a scrutiny of them.

■ The motion will be granted. If the plaintiff objects to examination by a male surgeon (Civil Practice Act, § 306), the examination will be made by a surgeon or surgeons of her own sex.