## STRASSER v. PRUDENTIAL INS. CO. OF AMERICA.
### No. 2191.

District Court, W. D. Kentucky.
Aug. 15, 1939.

Eugene R. Attkisson, of Louisville, Ky., for plaintiff.

Bruce & Bullitt and Samuel S. Blitz, all of Louisville, Ky., for defendant.

MILLER, District Judge.

On May 5th, 1938, the Court sustained defendant's motion that the plaintiff submit to a physical examination by Dr. Barnett Owen, at the expense of the defendant.

Defendant's answer filed on September 9, 1938, states that Dr. Owen attempted to make a complete examination of the plaintiff on or about June 30, 1938, but that the plaintiff declined to permit the physician to complete such physical examination. On September 22, 1938, the defendant made a motion to require the plaintiff to come to Louisville at the defendant's expense and complete the physical examination by Dr. Owen by submitting to an X-ray examination and such other physical examination as was necessary and proper.

On September 22, 1938, the plaintiff filed a reply stating that Dr. Owen made an examination of the plaintiff on or about June 30, 1938, but denies that it was only an attempt to make a complete examination and further denies that he has refused to submit himself to a complete examination. The plaintiff further states that owing to his physical, mental and nervous condition, he is unable to make a trip to Louisville without great danger to his life, that he is confined to his bed and room practically all of the time and that he is willing to have Dr. Owen examine him again at his home at any reasonable time requested.

█ It has been the rule in Kentucky that the Court in its discretion may require the plaintiff in an action involving personal injuries to submit to a physical examination by a doctor appointed by the Court. Belt Electric Line Co. v. Allen, 102 Ky. 551, 44 S.W. 89, 80 Am.St.Rep. 374; Illinois Cent. R. R. Co. v. Beeler, 142 Ky. 772, 135 S.W. 305; Stearns Coal & Lumber Co. v. Williams, 177 Ky. 698, 198 S.W. 54. On the other hand, before the adoption of the New Federal Rules of Civil Procedure the rule seemed to be that there was no power in the Federal Court to require the plaintiff in such an action to submit to a physical examination unless there was a state statute authorizing such procedure. Union Pacific Railway Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734; Camden & Suburban Railway Co. v. Stetson, 177 U.S. 172, 20 S.Ct. 617, 44 L.Ed. 721; Chicago & N. W. R. Co. v. Kendall, 8 Cir., 167 F. 62, 16 Ann.Cas. 560; Rison v. Postal Telegraph-Cable Co., D.C., 28 F.2d 788.

The matter is now governed by Rule 35 of the New Rules of Civil Procedure, 28 U. S.C.A. following section 723c, which provides in part as follows: "In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician."

■ The rule gives the District Court the right to make such an order but does not require such a motion to be sustained under all circumstances and conditions. In the present controversy the defendant has made two examinations of the plaintiff, one before the action was filed which was not complete because of the lack of adequate electric current, and the second in compliance with the Court's order. The record leaves in dispute whether or not the second examination was complete, but in any event if it was not complete it would seem to be because of the fact that the plaintiff was not present in the physician's office where adequate equipment was available. There is also in question whether or not the plaintiff is physically able to come to Louisville in order to be further examined. There is no evidence on this point except the allegations of the respective pleadings, neither of which are verified.

The Court would be inclined to sustain defendant's motion if and when it can be shown that it has not been the fault of the defendant in obtaining the examination which it requests and further that the physical condition of the plaintiff is such that it was possible for him to come to Louisville and subject himself to the examination which the plaintiff claims can only be given at its Louisville office. In the absence of such a showing by the record the pending motion of the defendant will be overruled without prejudice on its part to renew said motion supported by affidavits showing the necessity for such additional examination and the ability of the plaintiff to subject himself to the same.