**SIBBACH v. WILSON & CO., Inc.**

**No. 7048.**

Circuit Court of Appeals, Seventh Circuit.
Dec. 13, 1939.

Royal W. Irwin, of Chicago, Ill., for appellant.

J. F. Dammann, Kenneth F. Montgomery, and Sidney K. Jackson, all of Chicago, Ill. (Wilson & McIlvaine, of Chicago, Ill., of counsel), for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

The plaintiff was injured in an automobile accident on the 3rd day of September, 1937, in the State of Indiana, and brought suit on November 24, 1937 in the United States District Court for the Northern District of Illinois, to recover damages for personal injuries sustained thereby. On June 6, 1939, the Court ordered plaintiff to submit to a physical examination at a designated physician's office. The plaintiff refused and, upon motion by the defendant, a rule was entered upon the plaintiff to

show cause why she should not be adjudged in contempt of court in refusing to obey such order.

The plaintiff answered that the Court was without power to enter such an order either under the Federal law or the law of the State of Illinois.

Upon the hearing, the court, on June 7, 1939, found the plaintiff guilty of contempt and ordered that she be committed to the common jail of Cook County until she complied with said order, or until she was otherwise legally discharged. It is from this order the appeal is here.

We are convinced that the ultimate question to be determined is the validity of Rule 35 (a) of the Rules of Civil Procedure, effective September 16, 1938, 28 U.S.C.A. following section 723c, by virtue of a proclamation of the Supreme Court. If this rule is valid, it undoubtedly furnishes the authority for the order in question.

Congress, by its enactment of June 19, 1934, 28 U.S.C.A. § 723b, empowered the Supreme Court to prescribe, by general rules, for the District Courts, "the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant. They shall take effect six months after their promulgation, and thereafter all laws in conflict therewith shall be of no further force or effect." Section 723c of the Enabling Act preserves the right of trial by jury as at common law, and declared by the Seventh Amendment to the Constitution and, that such rules "shall not take effect until they shall have been reported to Congress by the Attorney General at the beginning of a regular session thereof and until after the close of such session."

The rules of civil procedure therefore were promulgated and given effect by reason of the authority contained in this Enabling Act. We do not understand any question is raised regarding the power of the Supreme Court to adopt rules consistent with this Act—in fact, it could not be disputed in view of the decisions of the Supreme Court approving the authority conferred by similar legislation. Wayman v. Southard, 10 Wheat. 1, 6 L.Ed. 253; Beers v. Haughton, 9 Pet. 329, 34 U.S. 329, 359, 9 L.Ed. 145. It is argued here, however, that the rule in question permits the invasion of a substantive right contrary to the language of the Enabling Act "nor modify the substantive rights of any litigant."

Plaintiff relies strongly—in fact, almost entirely upon the cases of Union Pacific R. Co. v. Botsford, 141 U.S. 250, 11 S.Ct. 1000, 35 L.Ed. 734, and Camden & Suburban R. Co. v. Stetson, 177 U.S. 172, 20 S.Ct. 617, 44 L.Ed. 721, in support of her position that the court was without the power to enter the order complained of. Undoubtedly, these authorities sustain her position provided the law has not been changed by the rule under attack. If the rule is valid, it follows that the holdings in these cases must be abandoned.

We therefore return to the question as to whether the Supreme Court was empowered by Congress to adopt the rule in question, and whether it was so empowered involves a determination of whether the rule permits an invasion of a substantive right as that term was used by Congress in the Enabling Act. In making such determination, it seems material to refer briefly to the procedure both prior and subsequent to the adoption of the rules by the Supreme Court. After the enactment of the Enabling Act, the Supreme Court appointed an Advisory Committee (302 U.S. 783) to assist it in the preparation of such rules. This committee consisted of many distinguished members of the bar, including a number of professors and deans of law schools of leading universities. The committee devoted about two and one-half years to the tasks assigned them. Tentative drafts were prepared and submitted to the judges and lawyers throughout the country, and after much discussion and many changes, the final draft was submitted to the Supreme Court on November 4, 1937. The court, after considering the draft and making such changes as it deemed advisable, transmitted the rules to the Attorney General of the United States, and they were by him reported to Congress at the beginning of the regular session in January, 1938. Congress, having taken no positive action in connection therewith, under the Statute heretofore quoted, the rules became effective.

Plaintiff, in her brief, states: "It must be very apparent that the framers of the Rules of Civil Procedure were ill advised when this particular rule was included in the draft submitted to the Supreme Court." We know of no justification for this state-

ment, but if such there be, it would be of no avail to the plaintiff unless it also be concluded that both the court and Congress were likewise "ill advised." That the rules, including the one in controversy, were considered fully and at great length, both by the court and Congress, is apparent. That the court was aware of the language of the Enabling Act and of the powers conferred thereby, is not open to question. That Congress was familiar with the rules as transmitted to it, must at least be assumed. We think it must also be assumed that Congress, by its non-action, construed the rules as being within the power conferred. It follows, that regardless of prior court decisions holding to the contrary, both the Supreme Court and Congress have construed the right as not being substantive as that term was used in the Enabling Act. If we had any doubt otherwise (which we haven't) that the Supreme Court, in the adoption of the rule in question, was familiar with and considered its prior decisions in Union Pacific R. Co. v. Botsford, supra, and Camden & Suburban R. Co. v. Stetson, supra, that doubt is dispelled by the fact that those two cases were cited and discussed in the notes of the Advisory Committee. See note following Rule 35, U.S.C.A. We therefore conclude that the Supreme Court did not exceed the power conferred by Congress and that the rule is valid and has the effect of legislative enactment.

In addition to this construction by the Supreme Court and Congress, which we think decisive, we might add that there is grave doubt in our minds as to whether the right claimed in the instant case is a substantive one or not. In Camden & Suburban R. Co. v. Stetson, supra, one of the cases relied upon by plaintiff, it would seem the court indicated the contrary. It said, 177 U.S. on page 174, 20 S.Ct. on page 619, 44 L.Ed. 721: " * * * It is not a question of a general nature, like the law merchant, but simply one concerning evidence based upon a local statute applicable to actions brought within the state to recover damages for injury to the person. * * *"

The rule being valid, it must be given general application, irrespective of any State enactment or court decision to the contrary. There is no occasion, therefore, for us to determine the rule followed by the Illinois Courts. In any event, it is not applicable.

The order of the District Court is affirmed.