# LEONCIO ORTIZ, Plff.,

## *v.*

# BULL-INSULAR LINE, Dft.

San Juan, Law, No. 1122.

ON MOTION TO PRODUCE DOCUMENTS.

Evidence—Discovery at Law and in Equity.

    1. Section 724 of the Revised Statutes of the United States has the same effect as a bill of discovery in equity.

Evidence.

    2. Under § 724 of the Revised Statutes of the United States, the court is denied the right to order the production of documents for examination prior to the trial.

Opinion filed December 4, 1916.

*Mr. H. R. Francis* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a motion brought under § 314 of the Code of Civil Procedure of Porto Rico, and that is as follows:

"Sec. 314. Any court in which an action is pending, or a judge thereof, may, upon notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of entries of account in any book, or

of any document or paper in his possession or under his control, containing evidence relating to the merits of the action, or the defense therein. If compliance with the order be refused, the court may exclude the book, document or paper from being given in evidence, or, if wanted as evidence by the party applying, may direct the jury to presume them to be such as he alleges them to be; and the court may also punish the party refusing for a contempt. This section is not to be construed to prevent a party from compelling another to produce books, papers, or documents, when he is examined as a witness."

It contemplates that where an action is pending an order may be given to either party within a specified time, to have an inspection of any document or paper containing evidence relating to the merits of the action or the defense therein, and provides for a penalty. That is the local statute under which this motion is made, and the point to which it is directed is this. This is a suit for injury in unloading a steamship. The defense is that the plaintiff or the decedent was an employee not of the defendant company, but of an independent contractor. That is one of the issues. Of course there is also the issue of negligence, etc. That being so, the plaintiff conceives that he is entitled to an examination of the defendant's books kept at this time, to show whether the stevedore in question was an independent contractor or whether he was a coemployee, and cognate questions. I do not remember all the exact details, but he seeks this aid under § 314.

The defendant, on the other hand, sets up that this court has no jurisdiction under § 314 of the local statute, because, as he alleges, the powers of this court are limited to those given

under § 724 of the Revised Statutes, Comp. Stat. 1916, § 1469, which is as follows:

"Sec. 724. In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery. If a plaintiff fails to comply with such order, the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

The plaintiff in reply says that § 724 of course is good law, but is not a substitute for § 314. That § 314 is a right to examine books, etc., before trial, while § 724 of the Revised Statutes defines the power of the court at the trial itself, and therefore there is no inconsistency between the two. There is no dispute between counsel and the parties that, if the United States has passed a law on the whole subject, it would supersede, for the purposes of a trial in this court, any local statute on the subject. The exact issue therefore is whether § 724 of the Revised Statutes governs the whole subject of the right of this court in regard to the production of evidence, or whether it is simply limited to what may be done upon the trial, and this court may also supplementarily act under § 314 before the trial. That, as I understand it, is the exact issue here.

1. Section 724 of the Revised Statutes has been passed upon a number of times apparently in the lower courts, but not until the October term, 1910, was it passed upon by the Supreme

Ortiz v. Bull-Insular Line.

Court in the case of Carpenter v. Winn, 221 U. S. 533, 55 L. ed. 842, 31 Sup. Ct. Rep. 683, which, near the end, says that it passes upon it for the purpose of a final construction. "The statute," says the Supreme Court, "has never been construed by this court, and the practice and decisions of the inferior courts have no such uniformity as to exert any controlling influence. There are, perhaps, as many cases upon one side as upon the other," and then the opinion proceeds to refer to a few of them.

The exact question, as I understand it, that is up before me this morning, is that which was before the Supreme Court in Carpenter v. Winn. There was a local statute, I believe that of New Jersey, which seemed to authorize the production of papers before the jury trial; and it seems to me that the exact contention now made was made in the case of Carpenter v. Winn. Justice Lurton discusses the case from different points of view. He discusses the meaning of the word "trial," and comes to the conclusion that trial is a common-law term meaning that step in the action by which issues or questions of fact are decided. Also that the expression "in the trial" implies a restricted use of the procedure as compared to a bill of discovery. The ground gone into at some length, and which, if it is to be considered as the basis of the court's decision, would control in this case also, is this. A bill of discovery, which is what is contemplated by § 724, that is to say, a motion in a law case to have the same effect as a bill of discovery in equity, cannot be used to pry into the case of an adversary to learn its strength or weakness. A discovery sought upon suspicion, surmise, or vague guesses is called a "fishing bill" and will be dismissed. Such a bill must seek only evidence which is material

Ortiz v. Bull-Insular Line.

to the support of the complainant's own case, and prying into the nature of his adversary's case will not be tolerated, quoting Justice Story and also some English cases. The fundamental rule, according to Judge Story, is that the limitation of the section to cases when discovery might be obtained in equity implies that production of an adversary's documents should not be required before trial in order that one party may inspect and examine evidence which he may or may not use in the trial. And then other considerations from the stringent penalty.

2. The plaintiff refers to Wilson v. New England Nav. Co. 197 Fed. 88, as showing that § 724 of the Revised Statutes is to be extended to whatever can be considered as in the nature of discovery, and therefore embraces the inspection sought by the present motion. This case, which was decided June 12, 1912, and is therefore subsequent to the case of Carpenter v. Winn, holds that § 803 of the Code of Civil Procedure of New York can be applied in the Federal court so as to require the defendant to exhibit an appliance which is alleged to have been defective and to have caused the accident to the plaintiff. The reasoning in the case goes along the line of that permitting a personal examination of the parties, a procedure frequently practised in all courts. It has been applied in this Federal court at the instance of the defendant in damage cases, to ascertain the nature and extent of the damage claimed. How far this reasoning is sound need not be at present determined. The application at bar is not one for inspection of an appliance or of the person, but for the production of books or writings in the possession or power of the defendant, supposed to contain evidence pertinent to the issue, and this is expressly within the terms of Rev. Stat. § 724, and, under the Carpenter v. Winn

Case, must be held to be confined to the jury trial of the case at bar. So that, so far as such documents and writings are concerned, the powers of this court do not extend to their production in examination before the trial itself. The proper construction of § 724 seems to be that Congress has legislated so as to deny this court the right to order such examination during the progress of the pleadings, or at any time prior to the jury or court trial.

The motion must be denied, and it is so ordered.